Mr. Justice VanValkenburgh
delivered the opinion off the court.
At the Spring Term of the Circuit Court, held in and for Alachua county, in the month of April, A. D. 1877, the plaintiff in error, Bill Nelson, was indicted by the grand jury for the murder of one Samuel H. Jackson. The offence is alleged in the indictment to have been committed in the county of Alachua on the fifth day of November, 1873. The prisoner was arraigned on such indictment and plead, “not guilty.” On the fourth day of April, 1878, he was tried by a jury, the evidence showing “that the offence was committed on or about the time as alleged in the indictment,” they finding the prisoner guilty of murder in the third degree.
The counsel for the prisoner then moved to arrest the judgment and for a discharge of the prisoner, upon the following -grounds:
1st. That the facts shown in the case do not make a case of murder in the third degree, but shows either justifiable homicide, or manslaughter in some of the degrees.
3d. That the verdict of the jury shows that the defendant committed an offence not punishable by death, and is entitled to his discharge under the statute of limitations.
On the argument of the motion the court declined to grant the same, and the counsel for the prisoner duly excepted.
The prisoner was then sentenced “to confinement in the State penitentiary for the space of twelve years,” and the prisoner thereupon brings his writ of error.
The errors assigned are as follows:
1st. The court erred in refusing to discharge the prisoner, Bill Nelson, upon hie -motion for a discharge, when the verdict showed that' the offence he had committed was not punishable with death, and the indictment showed and *56 charged the offence to have been committed at a time more • than two years before the iinding of the indictment.
2d. The court erred in1 refusing to discharge the prisoner when the indictment charged and the proof showed the offence was committed more than two years before the filing of the bill, and the verdict of the jury showed the offence not to be one punishable with death.
The statute of this State, applicable to crimes and the punishment thereof, reads as follows: “All offences not punishable with death shall be prosecuted within two years next after the same shall have been committed.-” (Thomp. Dig., 490.)
The jury in this case have, by their verdict, determined it was an “offence not punishable with death;” the indictment charges that it was committed more than four years before prosecution, and the evidence, according to the bill of exceptions before us, shows that it was committed on or about the time as alleged in the indictment.
Statutes of limitation in respect to crimes are always construed liberally in favor of defendants, and it is not deemed necessary for a party relying upon them to plead them in bar.
The prosecutor must show the commission of the offence within the time fixed by the statute.
In the case of White vs. The State, (4th Texas, Court of Appeals E.,) the court, in reviewing a case similar to this, says: “It will be seen by the verdict of the jury that defendant was acquitted by the jury of the charge of murder, and we think the crime of manslaughter was barred by the statute of limtations at the time the indictment was found.”
The same rule has been applied by the courts of other States. The State vs. Foster, 7 Lou. An., 256; The State vs. Freeman, 17 Lou. An., 69; Heward vs. State of Mississippi, 13 Smedes & M., 231; Commonwealth vs. Ruffner, 28 Pa. State R., 259.
The judgment of the court must be reversed and the prisoner discharged.