# ANDERSON MITCHELL v. STATE OF FLORIDA

25 So. (2nd) 73                          January Term, 1946
March 1, 1946                                      En Banc

*Thomas A. Howze, Jr., John B. Singeltary, Samuel A. Cornwell* and *Alvan B. Rowe,* for appellant.

*J. Tom Watson, Attorney General, Reeves Bowen* and *Cecil T. Farrington,* Assistant Attorneys General, for appellee.

BUFORD, J.:

The appellant was indicted on the 13th day of December, A. D. 1944, in the Circuit Court of Manatee County. The indictment charged:

"that Anderson Mitchell, late of the County of Manatee, and State of Florida, on the 21st day of September, in the Year of Our Lord, one thousand, nine hundred and forty-four, in the County and State aforesaid, unlawfully and from a premeditated design to affect the death of Louis Roundtree, a human being, did kill and murder him with a pistol contrary to the form of the statute made and provided and against the peace and dignity of the State of Florida."

The accused filed two motions to quash the indictment. The first motion stated the following grounds:

1. Because the supposed or alleged shooting or killing in said indictment mentioned was, as a matter of fact, done more than two years prior to the date of the filing and finding of said indictment and is barred by the Statute of Limitations in such case made and provided except insofar as the offense constitutes a capital offense.

"2. Because the Statutes in such case made and provided, to-wit: Section 932.05 F.S.A. is in conflict with Section 21, Article 3 of the Constitution of the State of Florida.

"3. Because the Statutes in such case made and provided, to-wit: Section 932.05 F.S.A. is in conflict with and in violation of the Constitution of the State of Florida."

The Second motion contained the following grounds:

"1. That said Indictment fails to charge an offense against said defendant.

"2. That said Indictment fails to allege, set forth or show that the supposed or alleged shooting or killing of the deceased, Louis Roundtree, was done from a premeditated design to affect the death of the said Louis Roundtree."

Both motions were denied.

At the trial, the undisputed and uncontraticted testimony was to the effect that the altercation in which Louis Roundtree was killed occurred on the 7th day of September, 1942, and, therefore, unless the last paragraph of Section 932.05 Fla. Statutes 1941 (same F.S.A.) is valid in its provisions, prosecution for the offense of which the accused was convicted was barred by the Statute of Limitations.

Section 932.05, supra, is as follows:

"Limitation of Prosecutions.—All offenses not punishable with death, save as hereinafter provided, shall be prosecuted within two years after the same shall have been committed. There shall be no limitation for offenses punishable with death. In all offenses not punishable with death where an indictment has been found or an information filed within two years after the commission of the offense and such indictment or information, because of any defect, omission or insufficiency in the contents or form thereof, is subsequently quashed or set aside after said two years period has elapsed, in that event further indictment may be found or informations filed for such offense within three months after the entry of the order of the court quashing or setting aside the indictment on information, and prosecution thereunder shall proceed as if the same were commenced within two years after the commission of the offense. In the trial on an indictment charging a capital offense a verdict may be returned for any offense less

than capital which may be included within such indictment, although the indictment may have been found more than two years after commission of the offense embraced in such verdict."

The last paragraph of this Section was included in Chapter 16962 Acts of 1935 as an amendment to Section 5011 of the Revised General Statutes of Florida. The time within which an offense is committed is a jurisdictional fact in all cases subject to limitation. See State v. Steensland, 33 Idaho 596, 195 Pac. 1080, 13 A.L.R. 1442, 15 Am. Juris. 32, Sec. 342.

In the case of Nelson v. State of Florida, 17 Fla. 195, this court held:

"The statute of limitations in respect to crimes is to be construed liberally in favor of defendants, and it is not necessary for a party relying upon it to plead it in bar. The offense must be proved to have been committed within the statutory limitation.

"2. A conviction for murder in the third degree, although had on an indictment for murder, cannot be sustained where the offense was not prosecuted within the period fixed by the statute, to-wit: 'Within two years next after the offense shall have been committed'."

In Blackmon v. State, 88 Fla. 188, we held:

"Where an indictment for murder in the first degree is found more than two years after the homicide occurred, there can be no conviction of the accused for any offense less than murder in the first degree, and a charge so instructing the jury is not erroneous."

To the same effect in Perry v. State, 103 Fla. 580, 137 Sou. 798.

So, prior to the Acts of 1935 it was well settled in this State that on an indictment for murder in the first degree where homicide was shown by the record to have been committed more than two years prior to the presentation of the indictment, no conviction could be had of a less degree of unlawful homicide than murder in the first degree. This brings us squarely to the necessity of determining whether or not the last paragraph of Section 932.05, supra, is valid. See language, supra.

It is the contention of the appellant that this provision of the statute is in conflict with Section 1 of the Declaration of Rights of our Constitution because it is so framed as to deprive one of the equal protection of the law.

Indictments and informations are of the same dignity before the law in all cases in which they are both available as a basis for prosecution. See Sec. 10, Declaration of Rights.

One may be either indicted or informed against for the offense of murder in the second degree. He may be indicted for murder in the first degree and under such indictment he may be acquitted of murder in the first degree and convicted of unlawful homicide of a less degree because the charge of the higher degree includes the charge of all lesser degrees of unlawful homicide. One guilty of murder in the second degree is guaranteed under Sec. 1 of our Declaration of Rights all the rights, privileges and immunities flowing from the law to any and every-one else under the like state of facts. See Noble v. State, 68 Fla. 1, 66 So. 153; State v. Bryan, 87 Fla. 56, 99 So. 327.

It is within the power of the legislature to fix the time in which prosecution for any offense may be commenced. It is not competent, however, for the legislature to fix the time within which a prosecution may be commenced if the prosecution is commenced by indictment and a different time if the prosecution be commenced by information. To hold otherwise would be tantamount to allowing the prosecuting officer to determine whether or not the statute of limitations should or should not be applicable.

It is no sufficient answer to say that the statute applies to all in like situation, i. e. to all who are indicted for murder in the first degree, because all men are innocent before the law until adjudged guilty by a court of competent jurisdiction, and an indictment creates no presumption of guilt. The constitutional guarantee of equal protection before the law is the shield against just such a thing as this.

A jury has said this man is not guilty of murder in the first degree and, therefore, he is entitled to every benefit to which any one else can be entitled who is also only guilty of murder in the second degree. This right of equal protection

may not be taken away by the State choosing to proceed with the prosecution by some method which will deprive him of the benefit of the statute of limitations while others guilty of the like offense may have the benefit of the statute of limitations because the State has chosen to proceed with the prosecution by a different method.

So it is, we hold that the last paragraph of Sec. 932.05, supra, offends against Sec. 1 of our Declaration of Rights and also against the Fourteenth Amendment of the Federal Constitution.

Having reached this conclusion, it is not necessary to discuss any other question presented by appellant.

For the reasons stated, the judgment is reversed with directions that appellant be discharged.

So ordered.

TERRELL, BROWN, THOMAS, ADAMS and SEBRING, JJ., concur.

CHAPMAN, C. J., dissents.

CHAPMAN, C. J., dissenting:

The appellant, Anderson Mitchell, was on December 13, 1944, indicted by a grand jury of Manatee County, Florida, for the unlawful killing of Louis Roundtree. In motions to quash it was contended that the indictment was void because (1) the alleged killing occurred more than two years prior to the finding of the indictment and therefore barred by the statute of limitations, except insofar as the offense constitutes a capital offense; (2) Scetion 932.05, Fla. Stats. 1941 (F.S.A.), conflicts with Section 21 of Article 3 of the Constitution of Florida and is void; (3) Section 932.05, supra, is in conflict with the Constitution of Florida; (4) the indictment fails to charge a criminal offense; (5) the indictment fails to allege an intent to kill. The motions to quash were by the lower court denied. He was placed upon trial and convicted of the crime of murder in the second degree.

The indictment alleged, in part, that Anderson Mitchell, ... on the 21st day of September ... 1944 ... unlawfully and from a premeditated design to "affect" the death of Louis

Roundtree, a human being, did kill and murder him . . . " Appellant contends that Section 782.04, Fla. Stats. 1941 (F.S.A.), defines murder as the unlawful killing of a human being, when perpetrated from a premeditated design to "*effect*" the death of the person killed, or any other human being, and therefore the indictment was fatally defective and a new trial should be awarded.

The answer to this contention is Section 906.25, Fla. Stats. 1941 (F.S.A.), viz:

"No indictment or information shall be quashed or judgment arrested or new trial be granted on account of any defect in the form of the indictment or information, or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense."

It is next contended that the verdict of murder in the second degree is contrary to the law and the evidence. We have examined the evidence adduced by the State and the defense in light of the contentions made. It is quite true that disputes and conflicts appear in the record as to what occurred and what did not occur just prior to the shooting. The record presents purely a jury question, under appropriate instructions of the trial court. It was the prerogative of the jury to settle the conflicts in the testimony and not that of the trial or appellate Court. We have held that where there is evidence from which all the essential elements of the crime may have legally been found, and it does not appear that the jury was influenced by considerations other than the evidence, the order of the trial court refusing to grant a new trial on account of the insufficiency of the evidence, or because the verdict is contrary to the law and evidence, will not be disturbed. See Bullard v. State, 95 Fla. 997, 117 So. 381; Pickerson v. State, 94 Fla. 268, 113 So. 707.

During the progress of the trial in the lower court, the State adduced as a witness Sherman Dubois, a licensed undertaker with nine years of experience. He went to the scene of

the shooting and got the body of Louis Roundtree and prepared it for burial at his funeral home. He testified that a bullet entered the stomach of Roundtree near the navel and that very little blood was found around the place of entrance of the bullet; that he probed the path of the bullet and expressed the view that the wound caused an internal hemorrhage, which resulted in the death of Roundtree. The bullet remained in the body. Roundtree was in good health prior to the shooting, but the defendant (appellant here) shot him he died within a few minutes thereafter. The undertaker, over the objection of counsel, was permitted to express an opinion as to the cause of Roundtree's death, and it is contended here that the undertaker was not medically qualified to express such an opinion and therefore the judgment of the trial court should be reversed. The authorities relied upon for reversal are Edwards v. State, 39 Fla. 753, 23 So. 537; Revels v. State, 64 Fla. 432, 59 So. 951, and cases from other jurisdictions.

Ophelia Wright, a registered nurse with ten years' experience, was adduced by the State as a witness in the Court below. She had been employed for several years by the Manatee County Hospital as a general nurse for the colored ward. She was on duty when Roundtree reached the hospital, and testified that he was placed on the operating table, his clothes removed, and a bullet wound found in his stomach near the navel; that the wound was surrounded by powder burns but there were no blood stains around the wound and it was her view that he was bleeding internally from the bullet wound; that she administered first aid but Roundtree failed to respond and died shortly thereafter. It is contended that the testimony of Sherman Dubois, the undertaker, and Ophelia Wright, the nurse, offered by the State constitutes reversible error. Counsel for appellant argues this contention under question four and five. We can or may consider the questions under a single assignment.

In the case of Edwards v. State, *supra,* we held that in homicide cases it is best always to have the evidence of medical experts, if they can be obtained, as to the fatal character of the wounds, but where such evidence is not accessible, non

experts may, after describing the wounds, give their opinion as to whether such wounds caused death, with their reasons therefor. This rule was reaffirmed in the case of Revels v. State, *supra*. It was again reaffirmed in the case of Brinson v. State, 144 Fla. 228, 198 So. 15. It is not necessary to consider the citations from other jurisdictions. We fail to find merit in questions four and five.

The next question posed for adjudication is viz: "Is the fair and impartial trial, the due process of law a recognition of his right of trial by jury and the equality before the law intended by the declaration of rights of the Constitution of Florida duly observed and given force and effect if defendant's counsel is abruptly interrupted and upbraided before the jury while conducting to the best of his ability the cross examination of a witness and the defendant thus deprived of the benefits which would have accrued to him had his counsel been allowed to proceed without interruption?"

The record discloses that Damon Jones was an eye witness to the shooting and was offered by the State. He was given a lengthy and thorough cross examination by counsel for the defendant. It was the view of the trial court that many questions propounded on cross examination were repetitious. The record, in part, is viz.

"Q. Do you have any idea about whether there was quite a crowd there or just a few? A. Just a few of them. Q. Were you on the sidewalk? A. Yes sir. Q. Then you were east of Anderson Mitchell when the shooting occurred? A. No, I was on the south side of him. Q. You were on the side walk between Anderson Mitchell and the street? A. Between. Q. How far from Louis Roundtree were you? COURT: He has answered that Mr. Singletary. He has told you the distance they were apart, with reference to the Judge's stand. He has told you that on cross and direct. He has told you that he was the distance from there to the Judge's stand. I have ruled on it. Please don't repeat it. The jury can't misunderstand that at all. Proceed with some other question."

It has not been made to appear that the trial court abused its discretion when trying to bring to a close or to control or

to keep within reasonable bounds an apparent repetitious cross examination of the State's witness, Damon Jones.

Questions 7 and 9 of appellant's brief challenge the instructions of the lower court to the jury on the law of reasonable doubt. The instruction of the trial court to the jury on the law of self defense is argued under question 9. These assignments have each been carefully weighed and considered. When each challenged instruction is construed in light of the entire charge as given in the lower court, the conclusion is inescapable that the several questions here presented are without merit.

The remaining assignment is Question Two in appellant's brief and is viz: "Is the provision sentence in section 932.05, reading 'in the trial on an indictment charging a capital offense a verdict may be returned for any offense less than capital which may be included within such indictment, although the indictment may have been found more than two years after commission of the offense embraced in such verdict', constitutional and sufficient to enlarge the limitations of prosecutions for criminal offenses not capital for more than two years?"

The indictment of the grand jury filed December 13, 1944, charged murder in the first degree for the unlawful killing of Louis Roundtree on September 21, 1944. The evidence adduced by the State established that the appellant killed Roundtree on the evening of September 7, 1942. The verdict of the jury acquitted appellant of murder in the first degree but convicted him of second degree murder and the trial court imposed a sentence of twenty years in the State Prison. Section 932.05, Fla. Stats. 1941 (F.S.A.), supports the ruling of the trial court, but appellant contends that the last sentence of the statute offends: (1) Section 1 of the Declaration of Rights, which provides that all men are equal before the law and have certain ... rights, among which are, defending life and liberty, acquiring, possession and protecting property, pursuing happiness and obtaining safety; (2) the last sentence of Section 932.05, *supra,* violates and contravenes Section 10 of the Declaration of Rights; (3) the last sentence of the cited statute deprives the appellant of the due process of law

guaranteed by Section 12 of the Declaration of Rights, as well as the pertinent provisions of the Federal Constitution.

Counsel for appellant bottoms his contention as to the unconstitutionality of the last sentence of Section 932.05 *supra* on our holdings in Nelson v. State, 17 Fla. 195; Blackmon v. State, 88 Fla. 188, 101 So. 319; Perry v. State, 103 Fla. 580, 137 So. 798; Peeler v. State, 107 Fla. 615, 146 So. 188. An analysis and study of the cited cases disclose that the challenged portion of the statute here involved was not before the Court and in fact was not in existence when the cited cases were decided, but became a law on, to-wit, May 29, 1935. See Chapter 16962, Acts of 1935, Laws of Fla. This Court has construed, since 1935, Section 932.05 supra on more than one occasion. See State ex rel. Silverman v. Coleman, 139 Fla. 656, 190 So. 811; State ex rel. Cox v. Adams, 148 Fla. 426, 4 So. (2nd) 457; Horton v. Mayo, 153 Fla. 611, 15 So. (2nd) 327.

Pertinent portions of Section 10 of the Declaration of Rights adopted at the General Election of 1934 are viz:

"Section 10. No person shall be tried for a capital crime unless on presentment of indictment by a grand jury, and no person shall be tried for other felony unless on presentment of indictment by a grand jury or upon information under oath filed by the prosecuting attorney of the court wherein the information is filed, except as is otherwise provided in this Constitution, and except in cases of impeachment, and in cases in the militia when in active service in time of war, or which the State, with the consent of Congress, may keep in time of peace. Any person under such information, presentment or indictment for any felony not capital may be arraigned and may enter a plea in term time or in vacation, and the judgment and sentence of the court on a plea of guilty may be made and entered either in term time or in vacation . . . "

Section 10, *supra,* authorizes a grand jury to indict for capital crimes, and, after the presentation, the law requires that a State Attorney shall prosecute those charged with capital crimes. Our study of the record leads to the conclusion that the State Attorney below did nothing more or less than simply comply with his statutory duties. The charge

that the last sentence of Section 932.05 clothes a State Attorney with the power to prosecute his enemies and evade the prosecution of his friends, protect the strong and persecute the weak, and otherwise grants favors to a given few—thereby establishing the inequality of the statute so as to cause it to conflict with Section 1 of the Declaration of Rights, can not be sustained by this record. It was the grand jury's duty to indict and the State Attorney's duty to prosecute those indicted. We fail to find in the record any improper action by either the grand jury or the State Attorney.

Our holding in the case of Sawyer v. State, 94 Fla. 60, 113 So. 736, is a complete answer to the charge that the last sentence of Section 932.05 is unconstitutional. This Court, speaking through Mr. Justice ARMSTEAD BROWN, in part said:

" . . . A person has no vested right in any particular remedy, and he cannot insist on the application to the trial of his case, whether civil or criminal, of any other than the existing rules of procedure. Statutes making changes in the remedy or procedure are always within the discretion of the law making power, and are valid so long as they do not deprive the accused of any substantial or constitutional right, or conflict with specific and applicable provisions of the Federal Constitution. A state may abolish old remedies and substitute new, or may abolish even without substitution if a reasonable remedy remains, but it cannot deny a remedy entirely. 6 R.C.L. 294-5, and cases cited."

Our ruling in Sawyer v. State, supra, is sustained by the weight of authority. In the case of Beazell v. Ohio, 269 U.S. 167, 46 S. Ct. 68, 70 L. Ed. 216, the Court held: "there may be procedural changes which operate to deny to the accused a defense available under the law in force at the time of the commission of his offense, or which otherwise affects him in such a harsh manner as to fall within constitutional prohibitions." "But it is now well settled that statutory changes in the mode of trial or the rules of evidence which do not deprive the accused of a defense and which operate only in a limited and unsubstantial manner to his disadvantage are not prohibited."

A person has no vested right in any particular remedy and cannot insist on the application to the trial of his case, whether civil or criminal, of any other than existing rules of procedure. Statutes making changes in the remedy or procedure are always within the lawmaking power and are valid so long as they do not deprive the accused of any substantial right . . . A State may abolish old remedies and substitute new ones, or may abolish without substitution if a reasonable remedy remains. See 11 Am. Jur. 1185-6, par. 357; Deeb v. State, 131 Fla. 362, 179 So. 894-902; Mahood v. Bessemer Properties Incorporated, 154 Fla. 710, 18 So. (2nd) 775; 16 C.J.S. 1181-84, par. 589. I fail to find error in the record.