PER CURIAM.
On this appeal from a finding of guilty of two counts of aggravated assault, burglary of a dwelling while armed with a sawed-off rifle- and display of a sawed-off rifle during the commission of a felony, the defendant claims fundamental error in that the information tracks the “aggravated assault” statute, Section 784.021(1), Florida Statutes (1977), but does not allege the elements of the offense of aggravated assault.
The defendant pled to the information and did not, at any time, raise in the trial court the issue which he now presents to this court. The proof of the assault was beyond a reasonable doubt in all of the elements of the assault charged. Accordingly, we decline to consider that point. See Catanese v. State, 251 So.2d 572 (Fla. 4th DCA 1971); Shifrin v. State, 210 So.2d 18 (Fla. 3d DCA 1968); and Florida Rule of Criminal Procedure 3.190(c).
The second point, addressed to the defendant’s conviction for display of a firearm, see Section 790.07(2), Florida Statutes (1977), claims that this charge was part of the same criminal transaction as that charged in the count for burglary. Inasmuch as the elements that constitute the display of a firearm charge include an allegation not necessary to the proof of the burglary charge, we hold that the displaying of a firearm is not a lesser included offense of burglary with a dangerous weapon. See Brown v. State, 206 So.2d 377, 383 (Fla.1968).
Affirmed.