PER CURIAM.
ON HEARING EN BANC
Appellant, Earvin Smith (“Smith”), appeals from his convictions and sentences for armed sexual battery and armed burglary. On the court’s own motion, and pursuant to rule 9.331(a) and (c), Florida Rule of Appellate Procedure, we have determined it is necessary to proceed en banc in this case in order to maintain uniformity in this court’s decisions.[1]
For the reasons that follow, we affirm the conviction and sentence for armed sexual battery, but reverse the conviction and sentence for armed burglary. We further clarify the case law within our district regarding whether the statute of limitations can be raised for the first time on appeal as to the crime charged in the information, and certify to the Florida Supreme Court a question of great public importance.
I. FACTS AND PROCEDURAL HISTORY
Smith was arrested and charged with three counts of armed kidnapping, three *178 counts of aggravated assault with a firearm, and one count each of attempted armed robbery, armed burglary, and armed sexual battery. The crimes charged took place in September of 1990; however, Smith was not arrested or charged until 2011, when a DNA test of evidence collected by the Rape Treatment Center at the time of the offense yielded a match to Smith.[2]
In 1990 (the time of the crimes), Smith was sixteen years old. By the time of his arrest in May of 2011, Smith was thirty-six years old. Following his arrest, the State filed a felony information in adult court, charging him with the above-described crimes. At arraignment, Smith’s appointed counsel entered a plea of not guilty, demanded discovery, and further demanded a trial by jury.
During the pretrial stages, Smith moved to dismiss several of the charges as barred by the statute of limitations. Specifically, Smith moved to dismiss the three counts of aggravated assault with a firearm.[3] After a hearing, the State agreed with Smith’s motion and nolle prossed those three counts. At that time, the trial court inquired whether the defense was seeking dismissal of any other counts based upon the statute of limitations, and defense counsel indicated they were not seeking dismissal of any other counts, and that all of the remaining counts were life felonies.[4]
Nevertheless, at trial following presentation of the State’s case, Smith moved for dismissal of the attempted armed robbery charge, based upon the statute of limitations. The attempted armed robbery charge was a second-degree felony,[5] and was therefore subject to a three-year statute of limitations. See § 775.15(2)(b), Fla. Stat. (1990). The trial court granted the motion, and dismissed the attempted armed robbery charge, leaving for the jury’s consideration the charges of armed burglary and armed sexual battery. The jury found Smith guilty of both charges. The court imposed two concurrent, twenty-two year prison sentences with a three-year minimum mandatory for actual possession of a firearm.
As it turned out, the armed burglary, as charged in the information, was not a life *179 felony (which has no statute of limitations) but a first-degree felony punishable by life (which is subject to a four-year statute of limitations).[6] However, Smith did not file a motion to dismiss the armed burglary or otherwise raise a statute-of-limitations challenge to that count in the trial court.
On appeal, Smith raises two claims: 1) the State was required to prosecute him as a juvenile pursuant to the Florida Juvenile Justice Act, Chapter 39, Florida Statutes (1990) because he was sixteen years old at the time of the offenses; and 2) the conviction and sentence for the armed burglary must be reversed as barred by the statute of limitations, and may be raised for the first time on appeal as fundamental error. We review these claims de novo.
II. ANALYSIS
A. Was the State required to prosecute Smith as a juvenile in accordance with the 1990 version of Chapter 39, Florida Statutes?
Smith argues that he should have been originally charged and tried as a juvenile because he was sixteen years old at the time of the offense. We note, preliminarily, that any such right is statutory and not of constitutional dimension. Article I, Section 15(b) of the Florida Constitution provides:
When authorized by law, a child as therein defined may be charged with a violation of law as an act of delinquency instead of crime and tried without a jury or other requirements applicable to criminal cases. Any child so charged shall, upon demand made as provided by law before a trial in a juvenile proceeding, be tried in an appropriate court as an adult. A child found delinquent shall be disciplined as provided by law.
Under Florida law, juveniles are granted “the right to be treated differently from adults,” Troutman v. State, 630 So.2d 528, 531 (Fla. 1993)[7] (quoting State v. Rhoden, 448 So.2d 1013, 1016 (Fla. 1984)), but the right is granted “only to the extent provided by our legislature.” State v. Cain, 381 So.2d 1361, 1363 (Fla. 1980). See also State v. G.D.M., 394 So.2d 1017, 1018 (Fla. 1981); Johnson v. State, 314 So.2d 573 (Fla. 1975).
In Johnson, the defendant challenged the constitutionality of a portion of Chapter 39, contending that the statute violated the Equal Protection and Due Process clauses of the United States and Florida Constitutions because it permitted some children to be indicted and prosecuted as adults while allowing other children (who are not indicted but face similar charges via delinquency petition) to be prosecuted in juvenile proceedings. In rejecting his claim, the Court stated:
It should be clear that a young person charged with violation of criminal law does not have an absolute right to be treated as a ‘delinquent child’ solely because of age. The constitutional basis for the juvenile court system in Florida allows, but does not require, that a ‘child’ who has committed a violation of law be charged with an act of delinquency instead of a crime.
Johnson, 314 So.2d at 576.
Looking to the pertinent provisions of Chapter 39, we conclude that Smith’s *180 contention is without merit. On September 15,1990—the date when the offenses were committed—Smith- was sixteen years old. Section 39.04(3)(e), Florida Statutes (1989),[8] provided:
(e) The state attorney shall in all cases have the right to take action, regardless of the action or lack of action of the intake officer, and shall determine the action which is in the best interest of the public and the child. The state attorney may:
[[Image here]]
4. With respect to any child who at the time of commission of the alleged offense was 16 or 17 years of age, file an information when in his judgment and discretion the public interest requires that adult sanctions be considered or imposed.
Based upon the plain language of this provision, and in light of the fact that Smith was sixteen years old at the time of the offenses, the State Attorney was authorized “to file an information when in [her] judgment and discretion the public interest requires that adult sanctions be considered and imposed.” § 39.04(3)(e).
Given Smith’s age at the time of the offenses, his reliance on State v. Griffith, 675 So.2d 911, 912 (Fla. 1996) is misplaced. In that case, Griffith was charged (at age twenty-two) with felonies committed when he was between the ages of fifteen and seventeen. On appeal following his conviction, Griffith argued that, because he was under jhe age of sixteen at the time of the offenses, the proceedings should have been commenced in accordance with chapter 39, at which time the juvenile court judge could have decided whether Griffith should be transferred to adult court.
The Florida Supreme Court agreed, but its analysis (and the applicability of section 39.04(3)(e)) was premised upon the fact that Griffith was less than sixteen years old when he committed the crimes because the information alleged a range of dates (covering a two-year period), rather than a specific date when the offenses were committed. The court nevertheless affirmed the convictions because Griffith failed to object in the trial court, waiving any right to assert the argument on appeal.
Because Smith was concededly sixteen years old at the time of the offenses, Griffith is inapplicable and we need not reach the issue of whether Smith waived any right to juvenile proceedings by failing to raise the issue until after jeopardy had attached and the State had rested its case before the jury.[9]
B. Can Smith assert, for the first time on appeal, that the crime for which he was charged and convicted is barred by the statute of limitations?
This issue involves only the conviction and sentence for the crime of armed burglary,[10] and requires us to consider evolving approaches to the statute of limitations, and to resolve conflicting decisions within our own district.
For ease of this discussion, it may be helpful to first explain what this issue does *181 not involve. Over the years, case law has developed regarding the raising of a statute of limitations defense in two specific contexts: 1) negotiated pleas to a reduced or lesser charge (resulting in the entry of a plea to a reduced or lesser offense that would otherwise be time-barred by the statute of limitations); and 2) circumstances under which a trial court may instruct a jury to consider lesser-ineluded offenses that are otherwise time-barred by the statute of limitations.
Negotiated Plea to a Lesser (and Otherwise Time-Barred) Offense
Whether characterized as a waiver or estoppel, Florida’s district courts have held that a defendant who enters a plea to a reduced or lesser offense that would otherwise be time-barred by the statute of limitations eannot raise the statute of limitations for the first time on direct appeal. Oliver v. State, 379 So.2d 143 (Fla. 3d DCA 1980) (applying estoppel principles to hold that defendant, originally charged with first-degree murder, could not assert statute of limitations for first time on appeal where, at defendant’s inducement, trial court accepted negotiated plea to the reduced (and otherwise time-barred) offense of second-degree murder); Morris v. State, 909 So.2d 428 (Fla. 5th DCA 2005) (holding under similar circumstances that defendant’s failure to assert statute of limitations prior to entering a negotiated plea constituted a waiver); State v. Robbins, 780 So.2d 89 (Fla. 2d DCA 2000) (defendant’s nolo contendere plea to all charges constituted a waiver of his right to assert, for the first time in a motion for postcon-viction relief, that the charges as alleged in the information were barred by the statute of limitations).[11]
Jury Instructions Permitting Jury to Consider Verdict on Lesser-ineluded Offenses Which Are Otherwise Time-Barred
In Tucker v. State, 459 So.2d 306 (Fla. 1984), the Florida Supreme Court addressed whether, and under what circumstances, a trial court can properly instruct a jury to consider a verdict for time-barred, lesser-ineluded offenses. In Tucker, the crime charged in the information (first-degree murder) was not subject to any statute of limitations, but the lesser-ineluded homicide offenses (which a jury is ordinarily required to consider in reaching a verdict) were time-barred under the statute of limitations. Given that, as a general rule, a judge shall not instruct on, and a jury cannot consider, a verdict on a time-barred, lesser-ineluded offense, the court in Tucker addressed whether a defendant can be permitted to waive the statute of limitations. The court concluded that a defendant can waive the statute of limitations under these circumstances. The court held further that, before a jury may be permitted to consider a time-barred, lesser-included offense, the trial court must abide by certain procedural safeguards to ensure a proper waiver of the statute of limitations:
The statute of limitations defense is an absolute protection against prosecution or conviction. Before allowing a defendant to divest himself of this protection, the court must be satisfied that the defendant himself, personally and not merely through his attorney, appreciates the nature of the right he is renouncing and is aware of the potential consequences of his decision. We agree with the state’s position that an effective waiver may only be made after a deter *182 mination on the record that the waiver was knowingly, intelligently and voluntarily made; the waiver was made for the defendant’s benefit and after consultation with counsel; and the waiver does not handicap the defense or contravene any of the public policy reasons motivating the enactment of the statute. Granting a waiver on the bare request for instructions contained in the record before us would certainly fail to protect a defendant’s best interests and might leave the conviction on otherwise time-barred offenses vulnerable to collateral attack
Id. at 309.
We can glean at least four legal principles from court decisions involving the two distinct scenarios discussed above:
First, the statute of limitations is waivable by a defendant, either expressly or through his own actions. Tucker, 459 So.2d at 306; Sturdivan v. State, 419 So.2d 300, 302 (Fla. 1982) (observing “a defendant may by his actions waive this defense.”)
Second, because it is waivable, the statute of limitations necessarily cannot be considered “jurisdictional,” at least not in the sense of depriving the trial court of subject-matter jurisdiction. See Rodriguez v. State, 441 So.2d 1129 (Fla. 3d DCA 1983) (holding that the statute of limitations defense does not deprive court of subject matter jurisdiction; to the extent the statute of limitations may be considered in any sense a jurisdictional impediment, it is one which can be waived); Farrar v. State, 42 So.3d 265, 265 (Fla. 5th DCA 2010) (observing that “[sjtatutes of limitations on crimes are not jurisdictional, and may be waived”); Morris, 909 So.2d at 431 (same); Lowe v. State, 501 So.2d 79 (Fla. 5th DCA 1987) (noting that “[ijn Florida, statutes of limitations on crimes do not limit the jurisdiction of courts to try criminal charges.”) If the statute of limitations was to be viewed as depriving the trial court of subject-matter jurisdiction, such an issue could not be waived, as the parties cannot confer subject-matter jurisdiction by consent, agreement, acquiescence, waiver or failure to object. Siegel v. Siegel, 575 So.2d 1267 (Fla. 1991); Sclafani v. Dade County, 323 So.2d 675 (Fla. 3d DCA 1975).[12]
Third, in the context of a defendant who seeks the benefit of the bargain—that is, a defendant who knowingly and voluntarily enters a negotiated plea to a lesser-included offense that is otherwise time-barred (or receives a negotiated lesser sentence)—he is either estopped from asserting, or deemed to have waived, a statute of limitations claim on appeal. Having received the benefit of a less severe sentence (or the benefit of a plea to a less serious charge) by pleading to a time-barred offense, he may not later seek relief upon the assertion that the offense was time-barred. Oliver, 379 So.2d at 143; Morris, 909 So.2d at 431.
Fourth, at the conclusion of a trial, a trial court is prohibited from instructing a jury on any time-barred, lesser-included offense (and the jury is prohibited from considering same) unless the defendant knowingly agrees, personally and on the record, to waive any claim that such a lesser-included offense is barred by the *183 statute of limitations. Tucker, 459 So.2d at 309.[13]
1. Expanding Tucker’s express waiver requirement to situations other than a jury’s consideration of time-barred lesser-included offenses
The question we must decide is whether the express-waiver analysis announced in Tucker should be contextually limited to situations involving a jury’s consideration of time-barred, lesser-included offenses, or expanded to apply to the instant case. The instant case involves neither a jury instruction permitting a jury to consider a time-barred lesser included offense (requiring an express, on-the-record waiver by the defendant), nor a negotiated plea to a time-barred lesser-included offense (permitting application of an implied waiver or estoppel principles). Instead, the very different and narrow question presented is whether a defendant may assert, for the first time on appeal, that the statute of limitations bars prosecution for the crime as charged in the information or whether, by failing to raise the issue below, the defendant has waived the statute of limitations on direct appeal.
Smith asserts that the crime of armed burglary, alleged in the 2011 information as having been committed in 1990, was on its face barred by the statute of limitations. Smith did not raise this challenge in the trial court, but contends that, pursuant to our decision in Key v. State, 990 So.2d 529 (Fla. 3d DCA 2008), he is permitted to raise this issue, for the first time on appeal, as fundamental error requiring reversal.
2. Conflicting decisions within this District
The defendant in Key was charged with and found guilty of armed robbery. On appeal, the defendant asserted for the first time that the crime as charged in the information was barred by the statute of limitations. The State conceded error on appeal and this Court reversed the conviction, holding: “[Sjince the error appears clear on the face of the record, it is a matter of fundamental error which [Key] is allowed to raise for the first time on this appeal.” Id. at 530. For this proposition, Key cited to Tucker, 459 So.2d at 309. However, as discussed earlier, Tucker was a case involving the authority of the court to permit a jury to consider time-barred lesser-included offenses. It did not involve a statute of limitations challenge to the crime as alleged in the information.
Further, the holding in Key—that a defendant may assert for the first time on appeal that the crime with which the defendant was charged and convicted is barred by the statute of limitations—conflicts with two prior decisions of this court. In Fondon v. State, 581 So.2d 188, 189 (Fla. 3d DCA 1991), we held that the defendant, convicted of armed robbery, armed burglary, and attempted kidnapping, as charged in the information, could not raise on appeal that the charges were barred by the statute of limitations where “this issue has never been presented, in any context, to the trial court.” Nearly twenty years later, this court addressed the same issue in Harper v. State, 43 So.3d 174 (Fla. 3d DCA 2010), where the defen *184 dant was originally charged with one count of resisting an officer with violence. The State later amended the information to add the charge of fleeing or eluding an officer. This new charge was added to the information after the applicable statute of limitations had expired. However, the defense did not move to dismiss that charge or otherwise raise a statute of limitations challenge in the trial court. Harper was later convicted of the fleeing charge and raised the statute of limitations for the first time on appeal. We concluded, following our decision in Fondon, that the defendant’s failure to raise the issue below prevented our consideration of the issue on direct appeal.[14]
3. Resolving the intra-district conflict
Fondon and Harper appear to be the only decisions in Florida directly holding that, in order to properly preserve the issue for appeal, a defendant must raise a statute of limitations challenge to the crime as charged in the information, and cannot raise the issue for the first time on appeal. Other district courts have disagreed. For example, in Maguire v. State, 453 So.2d 438, 440 (Fla. 2d DCA 1984), the Second District stated: “A defendant need not raise the bar of the statute of limitations and his failure to do so does not preclude appellate consideration of the issue.”[15] In a companion case, Bridenthal v. State, 453 So.2d 437, 438 (Fla. 2d DCA 1984), the Second District reaffirmed its holding in Maguire:
[I]n the separate appeals of the defendant’s codefendants, this court has issued an opinion reversing the codefen-dants’ convictions on the seven larceny counts on the ground that the larceny counts are barred by the statute of limitations. Maguire v. State, 453 So.2d 438 (Fla. 2d DCA 1984). The statute of limitations is a jurisdictional issue and this court is not foreclosed from considering that issue notwithstanding that the issue was not raised at the trial or appellate level. Mead v. State, 101 So.2d 373 (Fla. 1958).
Maguire, and other cases holding that the issue can be raised for the first time on appeal, rely principally upon the Florida Supreme Court’s decisions in Mead, Mitchell v. State, 157 Fla. 121, 25 So.2d 73 (1946) and Nelson v. State, 17 Fla. 195 (1879).
In Mead, 101 So.2d at 374, the defendant was convicted of grand larceny after he allegedly stole 1,312 pounds of copper wire, as charged in the information. The information upon which defendant was tried was filed on August 29, 1956, and alleged that the crime occurred on August 1, 1954, more than two years before the filing of the information. Defendant did not file a pretrial motion raising the statute of limitations, but raised the issue for the first time on appeal following his conviction. The Florida Supreme Court reversed the conviction, holding:[16]
*185 The appellant was not required to raise the question of the statute of limitations as the statute must be construed liberally in favor of defendants and need not be pleaded in bar.[17] It was incumbent on the state not only to prove that the appellant perpetrated the crime but that he did so within two years of the filing of the information on which he was being tried and not, as the judge charged the jury, within two years of the filing of the information first presented and subsequently abandoned.
Id. at 375. In support of the proposition that the defendant was not required to raise the issue below, the Court cited to Mitchell, 25 So.2d at 73. Mitchell, in turn, relied upon the 1879 decision in Nelson, 17 Fla. at 197, which indeed held:
Statutes of limitations in respect to crimes are always construed liberally in favor of defendants, and it is not deemed necessary for a party relying upon them to plead them in bar. The prosecutor must show the commission of the offence within the time fixed by the statute.
However, Nelson involved a very different situation. In that ease, the defendant was indicted for first-degree murder, a crime for which there is no statute of limitations. The indictment was returned April 1877, and the crime was alleged to have occurred in November of 1872, more than five years earlier. In 1872, the statute of limitations was two years for all offenses except those punishable by death (which had no statute of limitations). Id.
Following trial, Nelson was convicted of third-degree murder, an offense not punishable by death and therefore an offense subject to the general two-year statute of limitations. Nelson moved for an arrest of judgment and discharge, which the trial court denied. On appeal, the Florida Supreme Court held that Nelson was entitled to discharge because his conviction for the lesser-included offense of, third-degree murder .was barred by the two-year statute of limitations. It was in. this context that the Florida Supreme Court held that “it is not deemed necessary for a party relying upon [the statute of limitations] to plead them in bar.” Id. Placed in its proper context, then, the proposition is rather unremarkable: a defendant need not raiséj in the trial court, the statute of limitations as to lesser-included offenses that are barred by the statute of limitations. Indeed, Nelson presaged the very rule announced more than 100 years later in Tucker, holding that a defendant may waive the statute of limitations defense, but that before a jury can be instructed on and consider a time-barred lesser-included offense, the defendant must expressly waive the statute of limitations.
*186 The holding of Nelson, though announced in the context of a conviction for a lesser-included offense, has nevertheless been extended by the Florida Supreme Court well beyond its factual setting, as applied in Mitchell and Mead.
However, the precise contours established by this line of supreme court cases have not been entirely clear. For example, in State v. King, 282 So.2d 162, 164 (Fla. 1973), the court reaffirmed the concept that “the time within which an offense is committed is a jurisdictional fact.” Immediately thereafter, however, the court added: “In fact, a most significant burden of proof is placed upon the State in order to proceed once the jurisdiction of the Court is questioned through the raising of the Statute of Limitations.” Id. (Emphasis added.)
In Horton v. Mayo, 153 Fla. 611, 15 So.2d 327 (1943), the court noted that the face of the information indicated it was filed more than four years after the date of the crime alleged in the information (and thus beyond the two-year statute of limitations). The court also noted that the defendant did not file a motion to quash the information “and if he had, the County Solicitor could have amended his information or filed a new one so as to show that the prosecution for the offense charged in the information, and upon which the information was based, was really begun” within the statute of limitations. Id at 328. Although the Court had no reason to reach the question of whether the defendant should have been required to raise this issue in the trial court, the above excerpt evidences a primary rationale for such a rule.
Further, in Sturdivan, 419 So.2d at 301-02, the Florida Supreme Court reaffirmed the legal requirement that the State allege sufficient facts in the charging document to establish that the prosecution for the offense charged was commenced within the statute of limitations. The court further observed that where (as was the case in Sturdivan) it “appears from the date shown on the charging document that the statute of limitations may have run, the state must allege facts necessary to show the statute was tolled for the offense charged before the prosecution commenced.” Id. at 302. Importantly, however, the court added: “If the state does not allege the tolling of the statute in an otherwise sufficient information or indictment, a defendant may by his actions waive this defense.” Id. (Emphasis added.) Thus the Sturdivan Court appeared to at least recognize that a defendant’s failure to raise a statute of limitations challenge to an otherwise facially sufficient charging document could constitute a waiver of this defense.[18]
These cases evidence an evolving approach, over time, to the statute of limitations, and with it, a less formalistic view of the pleading and proof requirements. This evolution compels a reexamination of the existing principle that a defendant may raise the statute of limitations for the first time on direct appeal, and that the statute of limitations defense “need not be pleaded in bar.” Mead, 101 So.2d at 375.
*187 III. CONCLUSION
Were we writing on a clean slate, we would hold that a defendant cannot raise, for the first time on appeal, the claim that the crime with which he was actually-charged and convicted is barred by the statute of limitations. There are sound policy and practical reasons (set forth in the balance of this opinion) why a defendant should not be permitted to raise the statute of limitations for the first time on appeal under such circumstances.
We are nevertheless bound by the existing decisions of the Florida Supreme Court to hold that the defendant may under these circumstances raise the statute of limitations for the first time on appeal. We affirm the judgment and sentence for armed sexual battery. We reverse the judgment and sentence for armed burglary, with directions to dismiss that charge as time-barred and to discharge the defendant on that charge. In doing so, we also recede from our decisions in Fondon and Harper, to the extent they are inconsistent with our holding in this case.
In light of the uncertainty surrounding this issue, and the significance of the implications flowing from permitting a defendant to raise the statute of limitations for the first time on appeal, we certify the following question to the Florida Supreme Court as one of great public importance:
Must a defendant, who claims that the offense as charged in the information is barred by the statute of limitations, raise the issue in the trial court in order to preserve the issue for direct appeal?
Affirmed in part, reversed in part and remanded with directions. Question of great public importance certified.

. Florida Rule of Appellate Procedure 9.331(a) authorizes a district court of appeal to order that a proceeding pending before the court be determined en banc if the case is of exceptional importance or if necessary to maintain uniformity in the court’s decision. This case is heard en banc so that this court may clarify the law within this district and, in doing so, recede from our decisions in Fondon v. State, 581 So.2d 188 (Fla. 3d DCA 1991) and Harper v. State, 43 So.3d 174 (Fla. 3d DCA 2010), to the extent that they conflict with our decision in this case. We also certify to the Florida Supreme Court a question of great public importance.

. According to E.H., the victim, on or about September 15, 1990, she was asleep in her house when an armed man wearing a ski mask forcibly raped her, after threatening to shoot her and her children. Once the perpetrator left the house, E.H. called the police and was transported to the Rape Treatment Center, where a rape test kit was utilized and DNA of the perpetrator was recovered. However, the perpetrator was not identified or apprehended at that time. More than twenty years later, Smith became a suspect after the Miami-Dade crime lab reported a CODIS match between Smith’s DNA and the DNA sample obtained in 1990. Subsequent lab testing confirmed the DNA match. At trial, Smith did not contest the fact that he had sex with E.H., but rather contended that he did not break into the house or threaten E.H. or the • children, that he was not armed, and that E.H. consented to having sex in exchange for Smith providing her with drugs.

. Aggravated assault is a third-degree felony. § 784.021(2), Fla. Stat. (1990). However, the allegation of use of a firearm reclassifies the offense to a second-degree felony, see section 775.087(l)(d), Florida Statutes (1990), and those charges were therefore subject to a three-year statute of limitations. See § 775.15(2)(b), Fla. Stat. (1990).

. Prior to the commencement of the trial, the State also nolle prossed the three armed kidnapping counts, and trial commenced on the three remaining counts—attempted armed robbery, armed burglary and armed sexual battery.

. Armed robbery with a firearm or deadly weapon is a first-degree felony punishable by life. See § 812.13(2)(a), Fla. Stat. (1990). Attempted armed robbery with a firearm is a second-degree felony, § 777.04(4)(b), Fla. Stat. (1990), and subject to a three-year statute of limitations.

. As discussed infra, the State could have charged the armed burglary count in such a way that it would have constituted a life felony, not subject to any limitations period. See § 775.15(1), Fla. Stat. (1990) (providing that "[a] prosecution for a capital felony, a life felony, or a felony that resulted in a death may be commenced at any time.”)

. Troutman was superseded by statute as stated in Ritchie v. State, 670 So.2d 924 (Fla. 1996).

. The Florida Legislature repealed this subsection, effective October 1, 1990, See Ch. 90-208, § 17, Laws of Florida (1990).

. The State argues additionally that Smith waived the issue at arraignment by affirmatively requesting a jury trial, a right to which he is not entitled if proceeding pursuant to Chapter 39. See § 39.09(1 )(b), Fla. Stat. (1989) (providing that juvenile adjudicatory hearings are conducted without a jury).

. The armed sexual battery is a life felony. “A prosecution for a ... life felony ... may be commenced at any time,” § 775.15(1), Fla. Stat, (1990), and is not subject to a statute of limitations.

. The defendant in Robbins did not file a direct appeal, and the opinion does not indicate that the motion for postconviction relief was based upon a claim of ineffective assistance of trial counsel.

. We note, however, that the Florida Supreme Court, in Mitchell v. State, 157 Fla. 121, 25 So.2d 73, 74 (1946) characterized the timely commencement of prosecution as a "jurisdictional fact” which must be alleged in the charging document and proven by the State at trial. See discussion infra at 187-88 (Ernas, J., concurring).

. It makes perfect sense in this limited circumstance to require a personal, on-the-record waiver from the defendant, to ensure that the decision to instruct on a time-barred lesser is not inadvertent or accidental, but rather the result of a knowing, informed strategic decision by the defendant. Such a requirement strikes the appropriate balance between the historically-based concept of jury pardon, notions of fairness to the parties and the proper administration of justice.

. We nevertheless reversed, holding that, under the exceptional circumstances of the case, trial counsel rendered ineffective assistance in failing to raise the issue below, and that such ineffectiveness appeared on the face of the record. Harper, 43 So.3d at 175-76.

. It is unclear whether this language is dicta, as it appears the issue was in fact raised in the trial court. As the Second District noted in its opinion: "The defendants in this case filed motions to dismiss based on the statute of limitations, and prevailed as to several counts in the charging documents.” Maguire, 453 So.2d at 440. While we can only speculate about this apparent contradiction, it may be that a defendant other than Maguire raised the issue in the trial court, or perhaps the statute of limitations was raised as to some but not all counts in the charging document.

. The court’s other holding in Mead is not pertinent to our discussion.

. This statement appears, in our view, to be a non sequitur. It is true of course that the statute of limitations is a creature of statute (there being no statute of limitations on prosecutions at common law) and the substantive application of the statute of limitations must therefore be construed in favor of the defendant. However, it does not follow that the procedural question presented here—when a defendant must raise the statute of limitations—is one “which must be construed liberally in favor of defendants.” Indeed, there are statutory provisions throughout Florida's criminal code which, though substantively construed in favor of the defendant, nevertheless require a defendant procedurally to raise the issue in the trial court in order to preserve the issue for review. In fact, applying á rule which permits this issue to be raised for the first time on appeal would represent the rare exception to the general rule that the sufficiency of an indictment or information is not subject to direct review on appeal in the absence of an objection or other challenge in the trial court. Roberts v. State, 374 So.2d 1000 (Fla. 3d DCA 1979); Ingraham v. State, 32 So.3d 761 (Fla. 2d DCA 2010); McMillan v. State, 832 So.2d 946 (Fla. 5th DCA 2002); Hart v. State, 761 So.2d 334 (Fla. 4th DCA 1998); Carver v. State, 560 So.2d 258 (Fla. 1st DCA 1990).

. This is consistent with Florida Rule of Criminal Procedure 3.140(o ), which provides:
(o) Defects and Variances. No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct, and indefinite as to mislead the accused and embarrass him or her in the preparation of a defense or expose the accused after conviction or acquittal to substantial danger of a new prosecution for the same offense.