# Supreme Court of Florida

_____

No. SC17-576
_____

**STATE OF FLORIDA,**
Petitioner,

vs.

**EARVIN SMITH,**
Respondent.

[April 12, 2018]

LAWSON, J.

This case is before the Court for review of the decision of the Third District Court of Appeal in *Smith v. State*, 211 So. 3d 176 (Fla. 3d DCA 2016), which passed upon the following question and certified it to this Court as a question of great public importance:

> **Must a defendant[] who claims that the offense as charged in the information is barred by the statute of limitations[] raise the issue in the trial court in order to preserve the issue for direct appeal?**

*Id.* at 187.  We have jurisdiction, art. V, § 3(b)(4), Fla. Const., and answer the certified question in the affirmative.

# BACKGROUND

In 2011, Earvin Smith was arrested after DNA evidence linked him to a home invasion and sexual battery that occurred over twenty years prior. Following a jury trial, Smith's jury found him guilty of (1) burglary of a dwelling with the intent to commit sexual battery or robbery and (2) sexual battery, and further found that Smith possessed a firearm during the commission of these offenses. Smith was adjudicated guilty and sentenced to concurrent terms of twenty years' imprisonment with a three-year mandatory minimum.

Smith appealed to the Third District and argued for the first time that the prosecution for armed burglary, a first-degree felony punishable by life, was subject to the four-year limitations period provided in section 775.15(2)(a), Florida Statutes (Supp. 1990).[1] *Smith*, 211 So. 3d at 179. Smith claimed that this conviction and sentence had to be reversed as a matter of fundamental error. *Id.* The Third District held that it was compelled to agree, but certified to us as a question of great public importance whether a claim that a conviction for a charged

---

1. Although section 775.15 now contains a tolling provision for burglary cases where the defendant's identity is discovered through a DNA match, that provision is inapplicable to this case because the prosecution was already time-barred before the effective date of the amendment. *Smith*, 211 So. 3d at 192 n.21 (Emas, J., concurring) (citing ch. 2006-266, § 1, Laws of Fla., codified at § 775.15(16)(a), Fla. Stat. (2006); *Lawson v. State*, 51 So. 3d 1287 (Fla. 2d DCA 2011); *Bryson v. State*, 42 So. 3d 852 (Fla. 1st DCA 2010)).

offense is barred by the statute of limitations must be raised in the trial court to preserve the issue for direct appeal. *Id.*

## ANALYSIS

Florida follows "the general rule" that an "[e]rror[] that ha[s] not been preserved by contemporaneous objection can be considered on direct appeal only if the error is fundamental." *Jackson v. State*, 983 So. 2d 562, 568 (Fla. 2008). Whether an error is fundamental—meaning that the error "goes to the foundation of the case or goes to the merits of the cause of action," *Hopkins v. State*, 632 So. 2d 1372, 1374 (Fla. 1994) (quoting *Sanford v. Rubin*, 237 So. 2d 134, 137 (Fla. 1970))—is a question of law we review de novo. *See Woods v. State*, 95 So. 3d 925, 927 (Fla. 5th DCA 2012) ("Review of a claim of fundamental error is de novo."); *cf. also Wong v. State*, 212 So. 3d 351, 355-56 (Fla. 2017) ("Where the facts are undisputed, whether an issue is properly preserved for appellate review is a question of law that this Court reviews de novo.").

We have never expressly considered preservation of a statute-of-limitations defense in the context presented by the certified question. However, the United States Supreme Court has cogently explained that

> a statute-of-limitations defense becomes part of a case only if the defendant puts the defense in issue. When a defendant presses a limitations defense, the Government *then* bears the burden of establishing compliance with the statute of limitations by presenting evidence that the crime was committed within the limitations period or by establishing an exception to the limitations period. When a

defendant fails to press a limitations defense, the defense does not become part of the case and the Government does not otherwise have the burden of proving that it filed a timely [charging document]. When a defendant does not press the defense, then, there is no error for an appellate court to correct—and certainly no plain error.

*Musacchio v. United States*, 136 S. Ct. 709, 718 (2016).

Although the Supreme Court reached this holding based on the language and history of the federal statute of limitations, the language of our statute does not command a different approach.  Timely commencement of prosecution is mandatory under our statute (as it is under the federal statute), but the statute does not make timeliness a nonwaivable issue of jurisdiction.  *See generally* § 775.15, Fla. Stat. (2017); § 775.15, Fla. Stat. (Supp. 1990).  While we have called the timeliness of the prosecution a "jurisdictional fact," the Third District correctly observed that we do not consider it jurisdictional "in the sense of depriving the trial court of subject-matter jurisdiction."  *Smith*, 211 So. 3d at 182.

Moreover, the Supreme Court's approach is consistent with the defensive manner in which we have viewed our statute in the past[2] and with our recent

---

2.  *Sochor v. State*, 619 So. 2d 285, 290 (Fla. 1993) (noting that the statute of limitations "is a defensive matter that must be raised at trial"); *State v. Sturdivan*, 419 So. 2d 300, 302 (Fla. 1982) (recognizing that "a defendant may by his actions waive" the statute-of-limitations defense); *State v. King*, 282 So. 2d 162, 164 (Fla. 1973) ("[A] most significant burden of proof is placed upon the State in order to proceed once the jurisdiction of the Court is questioned through the raising of the Statute of Limitations.").

precedent on fundamental error in the comparable context of the State's failure to prove a substantive element of an offense. We have explained that compliance with the statute of limitations is a "factual matter which the State must prove just as it must prove all other elements of the offense." *Crews v. State*, 183 So. 3d 329, 331 (Fla. 2015). Even failure to prove an element of an offense, however, is not fundamental error in most cases. *F.B. v. State*, 852 So. 2d 226, 229-30 (Fla. 2003). Indeed, we recognize only two circumstances in which a defendant is not required to preserve an objection to the sufficiency of the State's case: "The first exception is based on the longstanding appellate rule under which, in death penalty cases, this Court is required to review the sufficiency of the evidence to support the conviction," and the second exception applies where the State fails to prove that "a crime was committed at all." *Id.* at 230; *see also Monroe v. State*, 191 So. 3d 395, 401-02 (Fla. 2016).

If failure to prove a substantive element of an offense is not fundamental error, we see no reason why failure to prove compliance with the statute of limitations should be.[3] Accordingly, we adopt the Supreme Court's well-reasoned

---

3. We also note that even where, as here, the record establishes not only failure to prove compliance, but a clear violation of the statute, the possibilities that failure to raise the statute was a tactical decision and that the State could have remedied the violation upon notice of the error further underscore that the error should not be deemed fundamental. *Cf. Gonzalez v. State*, 136 So. 3d 1125, 1148 (Fla. 2014) (observing that the possibility of "strategic gamesmanship" is a basis for declining to find fundamental error). As Judge Emas explained below, Smith's

- 5 -

approach and hold that the argument that conviction for a charged offense is barred by the statute of limitations must be raised in the trial court to preserve the issue for direct appeal. Of course, our holding does not preclude a defendant prejudiced by trial counsel's nonstrategic failure to raise a statute-of-limitations defense from asserting a claim of ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

## CONCLUSION

For the foregoing reasons, we answer the certified question in the affirmative and hold that a defendant must raise a claim that conviction of a charged offense violates the statute of limitations in the trial court to preserve the issue for direct appeal. Accordingly, we quash the portion of the Third District's opinion reversing Smith's conviction and sentence for armed burglary and remand the case to the Third District for reinstatement of that conviction and sentence.

It is so ordered.

LABARGA, C.J., and PARIENTE, QUINCE, CANADY, and POLSTON, JJ., concur.

---

case illustrates that failure to raise a statute-of-limitations issue can sometimes be to the defendant's strategic advantage because if Smith had "filed a motion to dismiss this charge as barred by the statute of limitations, the State could validly have amended the information to charge the very same burglary, but as a *life* felony (a crime for which there is no statute of limitations, *see* section 775.15(1)), Florida Statutes (1990)) given that Smith had committed a sexual battery during the burglary (the other offense charged in the information, which the jury found Smith guilty of)." *Smith*, 211 So. 3d at 202-03 (Emas, J., concurring).

PARIENTE, J., concurs with an opinion, in which QUINCE, J., concurs.
LEWIS, J., concurs in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

PARIENTE, J., concurring.

I agree with the majority's answering the certified question in the affirmative, holding that claims that the statute of limitations has run should be raised first in the trial court and not on direct appeal as fundamental error. I write separately to expand on the majority's statement that "our holding does not preclude a defendant prejudiced by trial counsel's nonstrategic failure to raise a statute-of-limitations defense from asserting a claim of ineffective assistance of counsel." Majority op. at 6; *see* majority op. at 5-6 n.3. If ineffective assistance of counsel appears on the face of the record, then an appellate court can consider and remedy the error. *See Sims v. State*, 998 So. 2d 494, 502 (Fla. 2008); *Mansfield v. State*, 758 So. 2d 636, 642 (Fla. 2000). Having this alternative is critical, especially in cases where all crimes for which the defendant could be convicted are barred by the statute of limitations.

In this case, the defendant was convicted of both armed sexual battery, for which the statute of limitations had not expired, and armed burglary, for which the statute of limitations had expired. *Smith v. State*, 211 So. 3d 176, 177-79 (Fla. 3d DCA 2016). It does not appear that Smith's counsel had a strategic reason for not

raising a statute-of-limitations defense for the armed burglary charge. *Id.* at 178. In fact, Smith's counsel successfully sought dismissal on "three counts of aggravated assault with a firearm" by raising the statute of limitations, and when asked by the trial court about the remaining charges, counsel affirmatively advised the court that the remaining charges were life felonies. *Id.* Therefore, unless counsel was affirmatively misleading the trial court, both counsel and the state were unaware that the crime charged was not a life felony. *Id.* at 178-79 & n.6.

While there does not appear to be a strategic reason in this case, the question is prejudice; that is, whether the deficiency undermines confidence in the outcome of Smith's trial. *See Wheeler v. State*, 124 So. 3d 865, 873 (Fla. 2013); *see also Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). As Judge Emas observes, had defense counsel raised a statute-of-limitations defense on Smith's remaining charges, "the State could validly have amended the information to charge the very same burglary, but as a *life* felony (a crime for which there is no statute of limitations)." *Smith*, 211 So. 3d at 202 (Emas, J., concurring). In that instance, Smith would have stood convicted and presumably received the same sentence—i.e., 20 years' imprisonment to run concurrent with a sentence of 20 years' imprisonment for the sexual battery charge. Thus, even if Smith's counsel had raised this defense, the question of prejudice remains.

## CONCLUSION

For the reasons explained above, I agree with the majority's answering the certified question in the affirmative and concluding that the preferable avenue for addressing an unpreserved statute-of-limitations defense is through a claim of ineffective assistance of counsel, unless deficiency and prejudice are apparent on the face of the record.

QUINCE, J., concurs.

Application for Review of the Decision of the District Court of Appeal – Certified Great Public Importance

      Third District - Case No. 3D14-1635

      (Dade County)

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, Jeffrey R. Geldens, Assistant Attorney General, Miami, Florida,

      for Petitioner

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, Eleventh Judicial Circuit, Miami, Florida,

      for Respondent