PARIENTE, J., concurring.
I agree with the majority's answering the certified question in the affirmative, holding that claims that the statute of limitations has run should be raised first in the trial court and not on direct appeal as fundamental error. I write separately to expand on the majority's statement that "our holding does not preclude a defendant prejudiced by trial counsel's nonstrategic failure to raise a statute-of-limitations defense from asserting a claim of ineffective assistance of counsel." Majority op. at 56; see majority op. at 56 n.3. If ineffective assistance of counsel appears on the face of the record, then an appellate court can consider and remedy the error. See Sims v. State , 998 So.2d 494, 502 (Fla. 2008) ; Mansfield v. State , 758 So.2d 636, 642 (Fla. 2000). Having this alternative is critical, especially in cases where all crimes for which the defendant could be convicted are barred by the statute of limitations.
In this case, the defendant was convicted of both armed sexual battery, for which the statute of limitations had not expired, and armed burglary, for which the statute of limitations had expired. Smith v. State , 211 So.3d 176, 177-79 (Fla. 3d DCA 2016). It does not appear that Smith's counsel had a strategic reason for not raising a statute-of-limitations defense for the armed burglary charge. Id. at 178. In fact, Smith's counsel successfully sought dismissal on "three counts of aggravated assault with a firearm" by raising the statute of limitations, and when asked by the trial court about the remaining charges, counsel affirmatively advised the court that the remaining charges were life felonies. Id. Therefore, unless counsel was affirmatively misleading the trial court, both counsel and the state were unaware that the crime charged was not a life felony. Id. at 178-79 & n.6.
While there does not appear to be a strategic reason in this case, the question is prejudice; that is, whether the deficiency undermines confidence in the outcome of Smith's trial. See Wheeler v. State , 124 So.3d 865, 873 (Fla. 2013) ; see also Strickland v. Washington , 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As Judge Emas observes, had defense counsel raised a statute-of-limitations defense on Smith's remaining charges, "the State could validly have amended the information to charge the very same burglary, but as a life felony (a crime for which there is no statute of limitations)." Smith , 211 So.3d at 202 (Emas, J., concurring). In that instance, Smith would have stood convicted and presumably received the same sentence-i.e., 20 years' imprisonment to run concurrent with a sentence of 20 years' imprisonment for the sexual battery charge. Thus, even if Smith's counsel had raised this defense, the question of prejudice remains.
CONCLUSION
For the reasons explained above, I agree with the majority's answering the certified question in the affirmative and concluding that the preferable avenue for addressing an unpreserved statute-of-limitations defense is through a claim of ineffective assistance of counsel, unless deficiency *58 and prejudice are apparent on the face of the record.
QUINCE, J., concurs.