392 So.2d 270 (1980)
Gene ANDREWS, Appellant,
v.
STATE of Florida, Appellee.
No. 80-82.
District Court of Appeal of Florida, Second District.
October 24, 1980.
Rehearing Denied November 24, 1980.
*271 Charles L. Carlton of Carlton & Carlton, P.A., Lakeland, Tobias Simon, Miami; and Richard C. McFarlain, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James S. Purdy, Asst. Atty. Gen., Tampa, for appellee.
OTT, Acting Chief Judge.
By indictment filed May 3, 1978, appellant was charged with conspiring, between July 15 and September 15, 1975, to commit first degree murder.[1] An information was filed and appellant's motion to dismiss it, on the ground that the statute of limitations had run, was denied. At the ensuing trial he was found guilty as charged. We reverse the conviction because the statute of limitations had in fact run, and the motion to dismiss the information should have been granted.
Prior to the adoption of the "Florida Criminal Code", Sections 775.011 et seq., Florida Statutes (Ch. 74-383, Laws of Florida), the periods of limitation for prosecuting criminal actions were set forth in Section 932.465, Florida Statutes. The statute of limitations for the crime of conspiracy to commit murder was two years.
Chapter 74-383 was approved by the governor and filed with the Secretary of State on July 3, 1974. Section 67 thereof specified an effective date of July 1, 1975. Section 10 directed the renumbering of Section 932.465 as Section 775.15 and amended it extensively. The statute of limitations for first degree felonies was increased from two to four years.[2]
On May 23, 1975, Chapter 75-24, Laws of Florida, effective July 1, 1975, was approved and filed, amending Section 67 of Chapter 74.383 to read "October 1, 1975" instead of "July 1, 1975." Thus, the statute of limitations governing the instant crime was not increased until some two weeks after the conspiracy charged in this proceeding had terminated.
Generally speaking, the criminal statute of limitations in effect when a crime is committed controls. State v. Wadsworth, 293 So.2d 345, 347 (Fla. 1974). The legislature can extend the limitations period without violating the constitutional prohibition against ex post facto laws if it (a) does so before prosecution is barred by the old statute, and (b) clearly indicates that the new statute is to apply to cases pending when it becomes effective. United States v. Richardson, 512 F.2d 105, 106 (3rd *272 Cir.1975). Fortunately, we have been spared the task in this particular instance of ascertaining legislative intent from sometimes tenuous indicia. Our supreme court has expressly held that the legislature did not indicate that the new code provisions pertaining to limitations were to apply to cases pending when the code became effective, and that therefore those provisions have prospective application only. Reino v. State, 352 So.2d 853, 861 (Fla. 1977).
The trial court had no jurisdiction and the purported conviction must be reversed. Akers v. State, 370 So.2d 81 (Fla. 1st DCA 1979). The judgment and sentence are vacated and the case remanded to the court below with instructions to dismiss the information.
DANAHY and CAMPBELL, JJ., concur.
NOTES
[1] The conspiracy was unsuccessful, but of course that has no bearing on this case.
[2] Throughout their briefs, the parties assert, without explanation, that the statute of limitations for the crime of conspiracy to commit first degree murder is three years under the new code. Our reading of the statutes does not comport with that conclusion. First degree murder is a capital felony. Section 782.04(1)(a), Fla. Stat. Conspiracy to commit a capital felony is a first degree felony. Section 777.04(4)(a), Fla. Stat. The statute of limitations on a first degree felony is four years. Section 775.15(2)(a), Fla. Stat. This case, of course, does not hinge on that point.