## STATE OF FLORIDA v CARROLL
### Case No. 88-16499
Eleventh Judicial Circuit, Dade County
August 26, 1988

### APPEARANCES OF COUNSEL

**Pohl,** Assistant State Attorney for plaintiff.

**Siegal,** Assistant State Attorney for plaintiff.

**Feiler,** Assistant Public Defender for defendant.

### OPINION OF THE COURT

FRED MORENO, Circuit Judge.

THIS CAUSE came before the Court on the defendant's motion to dismiss Count 17 of the information charging the accused with lewd and lascivious behavior upon E.R. between February 24 and 25, 1984. The defendant contends that his arrest on May 20, 1987 is barred by F.S. § 775.15(2)(b) which provides that a prosecution for a felony other

than a first degree must be commenced within 3 years after it is committed. However subsequently, in 1984 subsection (7) was added permitting the time for prosecution of violations of F.S. § 800.04 to be extended. The applicable period of limitation does not begin to run until the victim reaches the age of 16 years or reports the crime to a law enforcement agency or other governmental agency, whichever occurs earlier. However, this subsection does not apply to an offense the prosecution of which would have been barred by subsection (2) on or before December 31, 1984.

Although the statute of limitations in effect at the time of the incident giving rise to the criminal charges is the one to be applied in determining timeliness of prosecution, *Carcia v Durden,* 382 So.2d 1236 (Fla. 5th DCA 1980); *State ex rel. Manucy v Wadsworth,* 293 So.2d 345 (Fla. 1974), it is clear from the legislative history (Laws of Florida Chapter 84-86, Senate Bill No. 183) that the legislature considered the fact that "children of tender years often do not understand the nature of sexual offenses against them and, through fear, guilt, or immaturity may fail to report the occurrence of a sexual offense, and . . . the frequent and understandable failure of such children to report sexual offenses prior to the expiration of the applicable statute of limitations bars prosecution of many offenders."

Furthermore, in *Andrews v State,* 392 So.2d 270 (2d DCA 1980), the Court noted that

the legislature can extend the limitations period without violating the constitutional prohibition against ex post facto laws if it (a) does so before prosecution is barred by the old statute, and (b) clearly indicates that the new statute is to apply to cases pending when it becomes effective. *United States v Richardson,* 512 F.2d 105, 106 (3rd Cir. 1975).

It is clear that the legislative intent in adding subsection (7) to F.S. § 775.15 was to expand the scope of the statute of limitations to prosecutions of the crimes facing this defendant. However such subsection is not applicable to an offense which would have been barred on or before December 31, 1984. On December 31, 1984 the prosecution for this alleged lewd and lascivious behavior occurring, as charged, on February 25, 1984 would not have been barred. Therefore, such prosecution is not barred now and the motion to dismiss Count 17 or to issue a writ of prohibition as to such count is denied. *See Reino v State,* 352 So.2d 853 (Fla. 1977).

DONE and ORDERED, this 26th day of August, 1988.