THOMAS, J.
 

 Appellant challenges the trial court’s order denying his motion to dismiss, based on the statute of limitations. Appellant asserts that the legislative extension of the statute of limitations in eases involving identification established through DNA analysis does not apply to his offense. We disagree, and affirm.
 

 Facts
 

 A man wearing a mask attempted to rob a Jacksonville convenience store on April 14, 2005. During the attempted robbery, the suspect fired two shots and was shot in the chest by the store’s cashier. About 15 minutes later, Appellant checked into the emergency room for treatment of a gunshot wound to his chest. While at the hospital, the police interviewed Appellant, who said he had been shot accidently at home. Appellant did not make any admissions regarding the crime.
 

 Evidence technicians collected blood samples from the crime scene, which were submitted to the Florida Department of Law Enforcement (FDLE) on April 28, 2005. The next day, law enforcement officers collected DNA samples from Appellant, pursuant to a search warrant. On September 1, 2006, FDLE issued a report finding a match between the DNA from the blood sample from the crime scene and Appellant’s DNA.
 

 On March 11, 2009, Appellant was arrested for attempted armed robbery, based on the DNA match and other evidence.
 

 Before trial, Appellant filed a motion to dismiss based on the statute of limitations, arguing that prosecution was precluded by section 775.15(2)(b), Florida Statutes (2006). At a hearing on the motion, the prosecutor explained that the DNA testing required extensive time to complete because of agency backlogs. The trial court found that the State exercised due diligence in establishing Appellant’s identity through DNA analysis, noting that “they were diligent in the collection of the materials and in the ascertaining of who was alleged to have been ... involved in the shooting.” The trial court then denied Appellant’s motion to dismiss, finding that prosecution was permitted by the plain language of section 775.15(16)(a), Florida Statutes (2006). Appellant reserved his right to appeal, and pled no contest to the charged crime.
 

 Analysis
 

 The standard of review in this case is
 
 de novo,
 
 because we must interpret the
 
 *854
 
 applicable statutes of limitations.
 
 McBride v. Pratt & Whitney,
 
 909 So.2d 386, 387 (Fla. 1st DCA 2005).
 

 Ordinarily, prosecution for attempted armed robbery must commence within three years of the crime. § 775.15(2)(b), Fla. Stat. However, section 775.15(16)(a) states that for certain crimes, including attempted armed robbery,
 

 prosecution ... may be commenced at any time after the date on which the identity of the accused is established, or should have been established by the exercise of due diligence, through the analysis of [DNA] evidence, if a sufficient portion of the evidence collected at the time of the original investigation and tested for DNA is preserved and available for testing by the accused.
 

 (Emphasis added.)
 

 Appellant argues that prosecution was barred by the three-year limitation imposed under section 775.15(2)(b). Appellant further argues that section 775.15(16)(a) does not apply here because the State had the necessary DNA evidence to arrest and prosecute him as early as September 1, 2006. Appellant contends that section 775.15(16)(a) is intended for situations where the State has DNA evidence from a crime, but no way to link that evidence to a particular person, unlike this case.
 

 Legislative intent is the polestar that guides a court’s statutory construction analysis.
 
 Knowles v. Beverly Enters.-Fla.,
 
 898 So.2d 1, 5 (Fla.2004). To determine that intent, a statute must be given its plain and obvious meaning.
 
 Id.
 
 If statutory language is clear, unambiguous, and conveys a definite meaning, there is no reason to resort to the rules of statutory interpretation.
 
 Id.
 

 The plain language of section 775.15(16)(a) states that prosecution for attempted armed robbery “may be commenced at any time after the date on which the identity of the accused is established, or should have been established by the exercise of due diligence, through the analysis of deoxyribonucleic acid (DNA) evidence.... ” (Emphasis added.) Thus, the plain language of this statute provides that Appellant could have been prosecuted at any time after September 1, 2006, when FDLE established a close link between Appellant’s DNA and that of the blood sample taken from the crime scene.
 

 Appellant further argues that even if section 775.15(16)(a) were to apply on its face, it cannot apply here because the law went into effect on July 1, 2006, after the commission of the attempted robbery in 2005. Generally, the controlling statute of limitations is that which is in effect when a crime is committed.
 
 State ex rel. Manucy v. Wadsworth,
 
 293 So.2d 345, 347 (Fla.1974) (“To hold otherwise might be to create a situation which is clearly unconstitutional” because of
 
 ex post facto
 
 application). However, “[t]he legislature can extend the limitations period without violating the constitutional prohibition against
 
 ex post facto
 
 laws if it (a) does so before prosecution is barred by the old statute, and (b) clearly indicates that the new statute is to apply to cases pending when it becomes effective.”
 
 Andrews v. State,
 
 392 So.2d 270, 271 (Fla. 2d DCA 1980);
 
 see U.S. v. Richardson,
 
 512 F.2d 105, 106 (3d Cir.1975);
 
 see also Scharfschwerdt v. Kanarek,
 
 553 So.2d 218 (Fla. 4th DCA 1989).
 

 The crime in this case occurred in April 2005. In 2006, the Legislature added section 775.15(16)(a), which extended the statute of limitations applicable to Appellant’s crime.
 
 See
 
 2006-266, § 1, Laws of Fla. The Legislature’s action was constitutionally permissible as applied to Appellant, because in 2006 Appellant could have been prosecuted under the statute of limitations in effect in 2005.
 
 Reino v. State,
 
 352 So.2d
 
 *855
 
 853, 861 (Fla.1977) (holding that legislature could have retroactively extended statute of limitations applicable to murder offenses without violating
 
 ex post facto
 
 prohibition, but failed to act while previous statute allowed prosecution). Section 775.15(16)(a) came into effect in July 2006, less than three years after Appellant’s crime, when prosecution was not barred by section 775.15(2)(b). Additionally, section 775.15(16)(b) clearly indicates it “applies to any offense that is not otherwise barred from prosecution on or after July, 1, 2006.”
 

 Appellant correctly asserts that the trial court erred in its reference to the defendant’s purported requirement to show prejudice, which does not apply here. However, we read the court’s comments as primarily addressing whether any due process interests were implicated. Regardless, the statute expanding the limitation period applies here, and Appellant’s prosecution was permissible.
 

 For the aforementioned reasons, Appellant’s prosecution was not barred by the applicable statutes of limitations. We AFFIRM the trial court’s denial of Appellant’s motion to dismiss.
 

 PADOVANO and CLARK, JJ., concur.