WALLACE, Judge.
Micah Lynn Lawson appeals his judgment and sentences for burglary of a dwelling with assault or battery, lewd or *1288 lascivious battery against an elderly person, and abuse of an elderly person. Mr. Lawson argues, and the State concedes, that his prosecution on the charges of lewd or lascivious battery and elder abuse is barred by the applicable statute of limitations. For this reason, we vacate the judgment and sentences on these two charges. Mr. Lawson’s three other arguments are without merit and do not warrant discussion. Accordingly, we affirm his judgment and sentence on the burglary charge.
I. THE FACTS
On the evening of January 26, 2003, a young man broke into the home of a seventy-six-year-old woman in Lee County. The intruder committed a sexual assault on the elderly resident. The identity of the woman’s assailant remained undetermined for several years.
In November 2008, the Florida Department of Law Enforcement notified the Lee County Sheriffs Office that DNA evidence obtained from the victim’s person matched Mr. Lawson’s DNA. On November 20, 2008, the State Attorney for the Twentieth Judicial Circuit filed an information charging Mr. Lawson with three crimes arising out of the incident: count one, burglary of a dwelling with assault or battery in violation of section 810.02(2), Florida Statutes (2002), a first-degree felony punishable by life; count two, lewd or lascivious battery upon an elderly person in violation of section 825.1025(2), Florida Statutes (2002), a second-degree felony; and count three, abuse of an elderly person in violation of section 825.102(1), a third-degree felony.
A jury found Mr. Lawson guilty as charged on all three counts. The trial court sentenced Mr. Lawson to sixty-five years’ imprisonment for the burglary charge, fifteen years’ imprisonment for the lewd or lascivious battery, and five years’ imprisonment for the elder abuse. The sentences were designated to run concurrently. This appeal followed.
II. DISCUSSION
Mr. Lawson correctly argues that the statute of limitations had run on the crimes charged in counts two and three before the information was filed. In count two, the State charged Mr. Lawson with lewd or lascivious battery upon an elderly person under section 825.1025(2). The applicable statute of limitations for prosecution of that crime is three years, and the limitations period ran on January 25, 2006. See § 775.15(2)(b), Fla. Stat. (2002). Because the information in this case was not filed until November 20, 2008, the State did not commence prosecution for the offense until after the limitations period had run. See § 775.15(5)(b) (providing that commencement of prosecution depends, in part, on the filing of an information).
In addition, we agree with Mr. Lawson’s argument that the limitations period applicable to the lewd or lascivious battery charge was not extended under section 775.15(15)(a)(2), Florida Statutes (2008), based upon the commencement of the prosecution within one year of Mr. Lawson’s identification through DNA analysis. Section 775.15(15)(a)(2) does not apply to offenses that were barred from prosecution between July 1, 2004, and June 30, 2006. § 775.15(15)(b). Similarly, the limitations period was not extended under section 775.15(16)(a)(4) based upon Mr. Lawson’s identification through DNA analysis. Section 775.15(16)(a)(4) does not apply to offenses that were barred from prosecution when subsection (16) took effect on July 1, 2006. § 775.15(16)(b); ch. 2006-266, §§ 1, 2, at 2823-24, Laws of Fla.; see also Bryson v. State, 42 So.3d 852, 854 (Fla. 1st DCA 2010) (noting that “[t]he legislature can extend the limitations period without violating the constitutional prohibition against ex post facto laws if it ... does so *1289 before prosecution is barred by the old statute” (alteration in original) (quoting Andrews v. State, 392 So.2d 270, 271 (Fla. 2d DCA 1980))).
On count three, the State charged Mr. Lawson with abuse of an elderly person under section 825.102(1). As with the charge of lewd or lascivious battery, the applicable statute of limitations for prosecution of that crime is three years, and the limitations period ran on January 25, 2006. See § 775.15(2)(b), Fla. Stat. (2002). Because the information was not filed until November 20, 2008, the State did not commence prosecution on the elder abuse charge until after the limitations period had run. In addition, section 775.15(15)(a) and (16)(a), Florida Statutes (2008), did not extend the limitations period because those subsections do not apply to the offense of abuse of an elderly person.
For these reasons, the judgment and sentences imposed on Mr. Lawson for lewd or lascivious battery on an elderly person and abuse of an elderly person must be vacated and those charges dismissed. We affirm the judgment and sentence imposed on Mr. Lawson for burglary of a dwelling with assault or battery.
Affirmed in part, reversed in part, and remanded.
KHOUZAM and MORRIS, JJ., Concur.