DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**PASCAL ESTIME,**
Appellee.

No. 4D18-101

[December 19, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge; L.T. Case No. 2017CF006709AXXXMB.

Pamela Jo Bondi, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellee.

HILAL, JENNIFER, Associate Judge.

The State appeals the trial court's order granting the defendant's motion to dismiss the State's information based on expiration of the statute of limitations, and the amended order denying the State's request to reconsider ruling. We reverse, finding that section 775.15(16)(a)3., Florida Statutes (2006), extends the statute of limitations in the case at hand.

### *Background*

In 2017, the State charged the defendant, Pascal Estime, by information with two counts of sexual battery on a mentally defective person pursuant to section 794.011(4)(a) and (e)5., Florida Statutes, based on events that occurred in 2004.

In April 2004, the victim's father told law enforcement that his daughter had told him that the defendant had sexual relations with her, which led to her pregnancy. The victim provided law enforcement with a sworn

statement, alleging that the defendant had sex with her twice. The police then obtained the victim's medical and school records, which showed she had an IQ of 40 to 55. After reporting the crime, the victim had an abortion, and law enforcement retained a sample of the fetus for DNA testing. After numerous unsuccessful attempts to locate the defendant, law enforcement obtained a search warrant for his DNA and issued a "be on the lookout" (BOLO) alert.

In August 2004, a licensed psychologist evaluated the victim and found that she was severely mentally challenged, with abilities comparable to a four-year-old child. He concluded that she was unable to consent to sexual activity and was aware of only the basic concepts of sexual intercourse. He further found that "her poor memory, minimal verbal skills, and inability to think in anything but the simplest and most concrete terms rendered her marginally competent at best." The psychologist also noted that the victim "frequently did not respond to questions" and could not focus for more than a minute at a time, concluding "that she would become very confused on cross-examination and unable to respond adequately." As a result, in September 2004, the State "no actioned" the case, pending receipt of the defendant's DNA and testing of the evidence.

In 2017, after many unsuccessful attempts to locate the defendant, US Customs and Border Protection advised law enforcement that the defendant had returned to Florida. Law enforcement located the defendant and executed a DNA search warrant. The defendant's DNA sample and the retained fetal material were sent for comparison, and the results showed a 99.9997% probability of paternity. The defendant was subsequently arrested in July 2017 for two counts of sexual battery on a mentally defective person under section 794.011(4), Florida Statutes.

The defendant moved to dismiss the information, arguing that the applicable four-year statute of limitations ("SOL") had expired before commencement of the prosecution. He noted that under section 775.15(2)(a), Florida Statutes (2004), the SOL for the prosecution of a first-degree felony is four years from the date of the offense. He recognized that section 775.15(16)(a)3., Florida Statutes (2006)[1], extends the SOL under certain circumstances. It provides:

---

[1] On appeal, the defendant argues that subsection 16(a) does not apply retroactively to his case. In 2006, the Florida legislature amended section 775.15, adding subsection (16)(a). This subsection is retroactive and applies to the case at hand. "[T]he legislature can extend the limitations period without

2

(16)(a) In addition to the time periods prescribed in this section, **a prosecution for any of the following offenses may be commenced at any time after the date on which the identity of the accused is established**, or should have been established by the exercise of due diligence, **through the analysis of deoxyribonucleic acid (DNA) evidence**, if a sufficient portion of the evidence collected at the time of the original investigation and tested for DNA is preserved and available for testing by the accused:

. . . .

3. An offense of sexual battery under chapter 794.

§ 775.15(16)(a)3., Fla. Stat. (emphasis added). The defendant contended that the victim identified him as the perpetrator in 2004, and DNA evidence merely corroborated her allegations. Thus, he argued DNA did not "establish" his identity, and subsection 16(a) did not apply.

The State responded, contending section 775.15(16)(a)3. applied because DNA evidence was collected from the fetal sample at the time of the original investigation in 2004, which law enforcement later used in 2017 to identify the defendant once his DNA sample was collected. The State argued the victim's identification of the defendant during the initial investigation did not establish, for purposes of the statute, the defendant's identity as the perpetrator, given the victim's severe intellectual disability. The State contended there was a difference between circumstantial evidence of identity and identification through DNA analysis, and it further argued that the plain language of the statute provides that the extension applies when identification occurs through DNA analysis.

At the hearing on the defendant's motion, defense counsel argued that at the time of the allegations, the State had sufficient evidence to sustain

violating the constitutional prohibition against *ex post facto* laws if it (a) does so before prosecution is barred by the old statute, and (b) clearly indicates that the new statute is to apply to cases pending when it becomes effective." *Bryson v. State*, 42 So. 3d 852, 854 (Fla. 1st DCA 2010) (quoting *Andrews v. State*, 392 So. 2d 270, 271 (Fla. 2d DCA 1980)). Further, section 775.15(16)(b) clearly states that the "subsection applies to any offense that is not otherwise barred from prosecution on or after July 1, 2006." It is clear section 775.15(16)(a) would be applicable to the present case. The alleged crime occurred in 2004, and the four-year SOL had not expired in 2006 when the statute was amended.

a conviction based upon the victim's identification; thus, the SOL began to run in 2004. The State countered that subsection 16(a) applies whenever identification occurs through DNA analysis. It argued that under the defendant's interpretation the subsection would apply only when law enforcement had no suspects and had only DNA with which to identify a defendant.

The trial court granted the defendant's motion to dismiss the information. It ruled that the prior evidence of the defendant's identity was not circumstantial because the victim gave a sworn statement, in which she described the defendant and the sexual acts. It concluded that the DNA evidence only corroborated, but did not establish, the defendant's identity.

The State moved for rehearing, arguing the trial court incorrectly concluded that identity must be established solely through DNA in order for section 775.15(16)(a) to apply, which was "a limitation not imposed by the plain language of the statute itself." The State noted that when law enforcement could not locate the defendant in 2004, the State "no actioned" the case because it believed that the evidence was legally insufficient. The defendant argued that the trial court properly determined the SOL extension did not apply.

After a hearing, the trial court entered an order denying the State's motion for reconsideration and again found that the defendant's identity was established in 2004 for purposes of triggering the four-year SOL.

### Analysis

We review issues of statutory interpretation de novo. *Bryson*, 42 So. 3d at 853-54. When a defendant raises an SOL defense, the State bears the burden of showing compliance with the statute (i.e., that the crime was committed within the limitations period) or establishing an exception to the limitations period. *State v. Smith*, 241 So. 3d 53, 55 (Fla. 2018). In the present case, the State filed its information in 2017, well beyond the four-year SOL. Thus, the pertinent issue is whether the SOL extension applied. The issue boils down to statutory interpretation.

For questions of statutory interpretation, we first must look at the statute's actual language to determine the legislature's intent, construing words of common usage in their plain and ordinary sense. *Crews v. State*, 183 So. 3d 329, 332 (Fla. 2015). "If statutory language is clear, unambiguous, and conveys a definite meaning, there is no reason to resort to the rules of statutory interpretation." *Bryson*, 42 So. 3d at 854. A court

is not permitted to judicially modify a statute by adding words not included by the legislature, nor can it limit the express terms of an unambiguous statute. *See Hayes v. State*, 750 So. 2d 1, 4 (Fla. 1999); *Holly v. Auld*, 450 So. 2d 217, 219 (Fla. 1984). Where words of common usage are not defined in a statute, they are construed in their plain and ordinary sense. *See State v. Brake*, 796 So. 2d 522, 528-29 (Fla. 2001); *see also Pedersen v. Green*, 105 So. 2d 1 (Fla. 1958). The plain and ordinary meaning of a word or term is often examined by reference to a dictionary. *See Brake*, 796 So. 2d at 528-29.

The State contends that the plain meaning of the statute and the word "establish" are unambiguous, and based on the plain meaning, the defendant's identity was not proven during the initial investigation in 2004. Thus, the SOL extension applies. The State cites Merriam-Webster's online dictionary, which defines "establish" as "to make firm or stable" and "to put beyond doubt: PROVE." *Establish*, MERRIAM-WEBSTER ONLINE DICTIONARY, https://www.merriam-webster.com/dictionary/establish (last visited Oct. 17, 2018). Additionally, the State notes that Black's Law Dictionary defines "establish" as "[t]o prove; to convince . . . ." *Establish*, BLACK'S LAW DICTIONARY (8th ed. 2004).

The defendant counters that because subsection 16(a) does not define "establish," it is ambiguous regarding whether it applies to cases in which there are multiple means of identification. The defendant stressed that while "establish" is defined as "to make firm" and "to prove or convince," it also is defined as "to bring about" or "to cause to be . . . ." *Establish*, THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE (5th ed. 2011); *Establish*, MERRIAM-WEBSTER ONLINE DICTIONARY, https://www.merriam-webster.com/dictionary/establish (last visited Oct. 17, 2018). The defendant contends the plain meaning of "establish" is unclear and that we must construe the statute in his favor. *See Maxwell v. State*, 110 So. 3d 958, 961 (Fla. 4th DCA 2013) (recognizing that if two competing interpretations are reasonably plausible, a court must strictly construe the statute in the accused's favor).

"In analyzing statutory language, reviewing courts must give the statutory language its plain and ordinary meaning, 'and cannot add words which were not placed there by the Legislature.'" *State v. Little*, 104 So. 3d 1263, 1265-66 (Fla. 4th DCA 2013) (quoting *Brook v. State*, 999 So. 2d 1093, 1097 (Fla. 5th DCA 2009)). Black's Law Dictionary lists various dictionary examples of the word's usage. For instance, for the definition upon which the defendant relies, "to make or form; to bring about," the dictionary provides the example, "Congress has the power to establish Article III courts," but for the definition "to prove; to convince," the

5

dictionary gives the example, "to establish the president's guilt." *Establish*, BLACK'S LAW DICTIONARY (8th ed. 2004).

Reading the statute as a whole in the context of subsection 16(a), the plain meaning of "establish" is "to prove." *See Miele v. Prudential-Bache Sec., Inc.*, 656 So. 2d 470, 472 (Fla. 1995) (determining the meaning of a term by looking at the statute as a whole). If the legislature had intended the statute to apply only to cases where the defendant's identity was completely unknown, it could have used the word "discover," which would have limited the statute's application. However, it did not. It is not our role to act as the Legislature or to add words to the statute which do not exist. *Boulis v. Blackburn*, 16 So. 3d 186, 189 (Fla. 4th DCA 2009). It is well known that an accused's identity may be established by more than one means. The statute does not limit its application to cases where DNA analysis provides the first or only means of identification. Such a reading adds an exclusion to the statute that does not exist.

Furthermore, we find that the defendant's identity was not "proven" during the initial investigation. Although the victim identified the defendant, she was severely mentally challenged. Her competency to testify was questionable. As such, the defendant's identity was not established, or "put beyond doubt," until the 2017 DNA analysis, which showed a 99.9997% likelihood of paternity. Thus, the SOL extension applies pursuant to section 775.15(16)(a)3., Florida Statutes (2006).

### Conclusion

The trial court erred in granting the motion to dismiss the information; thus, we reverse the trial court's ruling and remand for further proceedings.

*Reversed and Remanded.*

FORST, J., concurs.
MAY, J., concurs specially with opinion.

MAY, J., (specially concurring).

I concur with the majority's decision to apply section 775.15(16)(a)3., Florida Statutes, to extend the statute of limitations in this case. I do so based on the unique circumstances concerning this victim's mental capacity, and the State's inability to rely upon her sworn statement to "establish" the perpetrator's identity. I disagree, however, that this statute

can be applied to extend the statute of limitations any time DNA evidence is used to confirm the perpetrator's identity.

As the defendant argues, subsection 16(a) does not define "establish." As used in this statute, "establish" is susceptible to more than one meaning. "Because . . . persons of reasonable intelligence could differ on which [meaning] was intended, the statute is at the very least ambiguous and 'must be strictly construed most favorably to the accused.'" *Maxwell v. State,* 110 So. 3d 958, 961 (Fla. 4th DCA 2013) (quoting *Polite v. State,* 973 So. 2d 1107, 1112 (Fla. 2007)). The rule of lenity requires us to do so. *See* § 775.021(1), Fla. Stat. (2006).

Thus, in a situation in which a competent victim identifies the perpetrator, and identification is therefore established, I do not believe the statute can be used to extend the statute of limitations simply because that identification is later confirmed by DNA evidence. To the extent the majority opinion can be read to allow such an extension of the statute of limitations, I disagree with it. With that being said, the unique mental incapacity of the victim in this case renders the statute unambiguous as applied. I therefore concur with the majority in reversing the order dismissing the information and the subsequent order denying the State's motion for reconsideration.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***