[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14802
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cv-00085-JES-MRM


MICAH L. LAWSON,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 28, 2019)

Before WILLIAM PRYOR, GRANT and FAY, Circuit Judges.

PER CURIAM:

Micah L. Lawson, a Florida prisoner, appeals the denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. Lawson succeeded in having two convictions vacated on direct appeal as barred by the statute of limitation in a decision of first impression, but he was denied state postconviction relief on his claim that counsel was ineffective for failing to make a similar timeliness argument before trial, *see* Fla. R. Crim. P. 3.850. We issued a certificate of appealability to address "[w]hether trial counsel's failure to move for a dismissal of the charge of lewd or lascivious battery upon an elderly person and the charge of abuse of an elderly person resulted in Lawson receiving a longer sentence for his conviction of burglary of a dwelling with assault or battery." Because the Florida courts reasonably concluded that Lawson suffered no prejudice from counsel's performance, we affirm.

## I. BACKGROUND

In January 2003, a burglar sexually assaulted a 76-year-old female in her home in Lee County, Florida. Detectives collected biological evidence from the victim, but her assailant remained unknown for several years. In November 2008, the Florida Department of Law Enforcement matched a specimen collected from Lawson with the biological evidence collected during the investigation.

In 2004 and 2006, the Florida Legislature amended the statute imposing time limitations in criminal cases to allow the state to prosecute specific sex crimes after

2

identifying the offender using biological evidence. The 2004 amendment provided that "a prosecution for . . . [a]n offense of sexual battery under chapter 794 [and for] [a] lewd or lascivious offense . . . may be commenced within 1 year after the date on which the identity of the accused is established . . . through the analysis of deoxyribonucleic acid (DNA) evidence . . . ." Fla. Stat. § 775.15(8)(a). That "subsection applie[d] to any offense that [was] not otherwise barred from prosecution on or after July 1, 2004." *Id.* § 775.15(8)(b). The 2006 amendment retained the one-year extension so long as the offense was "not otherwise barred from prosecution between July 1, 2004, and June 30, 2006." *Id.* § 775.15(15)(b). The 2006 amendment also provided that the prosecution of eight specific offenses, including the two identified in the earlier amendment, could "be commenced at any time after" the offender was identified using biological evidence, *id.* § 775.15(16)(a), so long as the offense was "not otherwise barred from prosecution on or after July 1, 2006," *id.* § 775.15(16)(b).

On November 20, 2008, the State Attorney filed a three-count information charging Lawson for burglary of a dwelling with assault or battery, a first-degree felony punishable by a sentence of up to life imprisonment, *id.* § 810.02(2); lewd or lascivious battery of an elderly person, a second-degree felony, *id.* § 825.1025(2), and abuse of an elderly person, a third-degree felony *id.* § 825.102(1).  After a Florida jury found Lawson guilty of the three crimes, the

trial court sentenced him to concurrent terms of 65 years of imprisonment for burglary, 15 years of imprisonment for lewd or lascivious battery, and 5 years of imprisonment for elder abuse.

On direct appeal, Lawson succeeded in having his convictions for the two lesser offenses vacated. *Lawson v. State*, 51 So. 3d 1287 (Fla. Dist. Ct. App. 2011). The appellate court found that the three-year statute of limitation applicable to Lawson's offenses of lewd or lascivious battery and of elder abuse, Fla. Stat. § 775.15(2)(b) (2002), expired on January 25, 2006. *Lawson*, 51 So. 3d at 1288. The appellate court concluded that the amendments to section 775.15 did not extend the time within which to prosecute Lawson's battery offense because the statute of limitation expired "between July 1, 2004, and July 30, 2006," under subsection 15 and before "subsection (16) took effect on July 1, 2006." *Id.* The appellate court also concluded that the amendments did "not apply to the offense of abuse of an elderly person" and could not extend the limitation period to prosecute Lawson for that offense. *Lawson*, 51 So. 3d at 1289.

Lawson moved *pro se* for state postconviction relief and argued that trial counsel was ineffective for failing to move to dismiss his charges for lewd or lascivious battery and for elder abuse. *See* Fla. R. Crim. P. 3.850. Lawson alleged that he told his two attorneys that the statute of limitation barred his prosecution for the two offenses, but they disagreed. Lawson also alleged that, "[h]ad [he] only

4

been facing count one [for burglary] he would not [have gone] to trial and counsel could ha[ve] pursued a more favorable plea bargain than the 25 years initially offered the day of trial."

The trial court held an evidentiary hearing on Lawson's motion. Lawson testified that attorney Christopher Whitney "never really responded" to his concerns about the statute of limitation and that attorney Tiffany Chewing told him that the biological evidence extended the limitations period to prosecute his offenses. Attorney Whitney testified that the state offered for Lawson to plead guilty to his three charges in exchange for a sentence of 25 years of imprisonment, but Lawson was disinterested in the plea offer. Trial counsel also testified that his "research of the statute led [him] to believe that because of the DNA . . . there was no time bar" to Lawson's prosecution.

The trial court denied Lawson's postconviction motion. Fla. R. Crim. P. 3.850. The trial court ruled that trial counsel's representation was neither deficient nor prejudicial under the two-part standard of *Strickland v. Washington*, 466 U.S. 668 (1984). The trial court found that trial counsel did not act deficiently by failing to move to dismiss the charges because the amendments to 775.15 could be interpreted as giving "the State . . . one year from the date that [Lawson's] identity . . . had been established, . . . until November 4, 2009, in which to prosecute" him. The trial court also found that, even if Lawson's two lesser charges had been

dismissed, it could have "imposed a life sentence for the conviction of burglary with assault or battery" and "would have imposed the same sentence of 65 years for [the] conviction . . . ." Lawson appealed, and the state appellate court affirmed summarily. *Lawson v. State*, 182 So. 3d 649 (Fla. Dist. Ct. App. 2015).

Lawson filed a federal petition for a writ of habeas corpus and repeated his claim of ineffective assistance of trial counsel. *See* 28 U.S.C. § 2254. The district court denied the writ. The district court ruled that Lawson's claim "clearly fails to satisfy *Strickland*'s prejudice prong" because the trial court "has already told us what would have happened if Counsel had successfully moved to remove counts two and three from the information—Lawson would have still received a sixty-five sentence on count one."

## II. STANDARD OF REVIEW

We review *de novo* the denial of a petition for a writ of habeas corpus involving a claim of ineffective assistance of counsel. *Gissendaner v. Seaboldt*, 735 F.3d 1311, 1316 (11th Cir. 2013). A state prisoner is entitled to a writ of habeas corpus only if the state court reached a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). The "determination of a factual issue . . . by a State court [is] presumed

to be correct" unless the state prisoner can rebut the presumption with "clear and convincing evidence." *Id.* § 2254(e)(1). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)).

### III. DISCUSSION

Lawson argues that the state court unreasonably applied *Strickland* in denying his claim of ineffective assistance of trial counsel. Lawson contends that trial counsel's performance was deficient because he would have succeeded in having Lawson's charges for lewd or lascivious battery and for elder abuse dismissed, as evidenced by Lawson's success in having the convictions vacated on direct appeal. Lawson also contends that he was prejudiced because he would have received an offer from the state to plead guilty to the remaining charge of burglary of a dwelling with assault or battery, Fla. Stat. § 810.02(2), in exchange for a sentence less than 25 years of imprisonment. We need not address whether counsel's conduct was deficient because the ruling of the state court that Lawson failed to prove prejudice did not constitute an unreasonable application of *Strickland* or an unreasonable determination of fact.

Lawson must "[s]urmount[] [a particularly] high bar" to obtain a writ of habeas corpus based on ineffective assistance of counsel. *Padilla v. Kentucky*, 559

7

U.S. 356, 371 (2010). He must prove that his attorney's performance was deficient and that the deficiency prejudiced his defense. *Strickland*, 446 U.S. at 687. To prove prejudice, Lawson has to establish that the outcome of the plea process would have been different but for counsel's deficient performance. *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). Lawson must prove "there is a reasonable probability that [a] plea offer would have been presented to the court . . ., that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Id.* at 164.

Lawson cannot satisfy the first and last elements of the *Lafler* test. Lawson's argument that he would have received an offer to plead guilty to his charge of burglary of a dwelling with assault or battery, Fla. Stat. § 810.02(2), is wholly speculative. "[A] defendant has no right to be offered a plea . . . ." *Missouri v. Frye*, 566 U.S. 134, 148 (2012). Lawson also assumes that the state would have offered a sentence less than what it offered in exchange for his pleas of guilty to burglary and two other offenses. Not only is it impossible to predict what sentence the prosecutor might have offered, it is quite possible that the state would have recommended a sentence equal to or longer than 25 years of imprisonment. Lawson's burglary crime was a first-degree felony for which he faced a sentence of

up to imprisonment for life. *See Fla. Stat.* § 810.02(2). Prejudice cannot be based on speculation and conjecture.

Lawson also cannot establish that the trial court would have accepted an agreement recommending that he receive a sentence of 25 years of imprisonment or less. *See Lafler*, 566 U.S. at 164; *see also Frye*, 566 U.S. at 148 ("a defendant has no . . . federal right that the judge accept" a plea agreement). The trial court stated, when it denied Lawson's motion for state postconviction relief, that it would have "imposed the same sentence of 65 years" for his burglary crime even if his lesser offenses had been dismissed. And the nature of Lawson's crime and his background would have supported a harsh sentence. *See Imbert v. State*, 154 So. 3d 1174, 1176 (Fla. Dist. Ct. App. 2015) (holding a trial court can consider uncharged conduct in selecting a sentence); Fla. Stat. § 921.231(1)(c) (providing that a presentence investigation report "shall include . . . [t]he offender's prior record of arrests and convictions"). The victim, a 76-year-old woman, called 911 and reported that she had been raped, and the semen collected from her identified Lawson as her assailant. In addition to that, trial counsel stated during the state postconviction hearing that Lawson had made a statement to law enforcement about the crime "[t]hat would not have been favorable to his case at all" and that Lawson had a "prior criminal history that would be used to impeach his credibility."

The district court correctly denied Lawson federal habeas relief. The Florida courts reasonably determined that Lawson failed to establish prejudice. Lawson failed to prove that there was a reasonable probability that the outcome of the plea process would have been different had counsel succeeded in having his charges for lewd and lascivious battery and for elder abuse dismissed. *See Lafler*, 566 U.S. at 164. Lawson offered no evidence that he would have received what he deemed an acceptable offer to plead guilty that the trial court would have accepted.

## IV. CONCLUSION

We **AFFIRM** the denial of Lawson's petition for a writ of habeas corpus.